In re Thomas R. JOHNSON, Debtor.

No. 05–15655.

United States Bankruptcy Court,
W.D. Tennessee,
Eastern Division.

Jan. 9, 2006.

Gerald W. Ketchum, Dyersburg, TN, for Debtor.

**MEMORANDUM OPINION RE:
MOTION TO EXTEND
AUTOMATIC STAY**

G. HARVEY BOSWELL, Bankruptcy Judge.

The Court conducted a hearing on the debtor's "Motion to Extend the Automatic Stay" and National City Home Loan Services' opposition thereto on December 29, 2005. After listening to the testimony, the Court granted the debtor's motion in open court and asked the debtor's attorney to submit an order. The Court signed the order granting the motion on January 5, 2006. Due to the nature of the creditor's opposition to the motion, the Court feels compelled to enter this memorandum opinion clarifying its ruling.

The debtor in this case, Thomas R. Johnson, filed a previous chapter 13 petition on May 14, 2004. That case, case number 04–12141, was dismissed on Au-

gust 31, 2005, for failure to make plan payments. The debtor filed the instant case on November 30, 2005, and filed a motion to extend the automatic stay on the same day. National City Home Loan Services filed an opposition to that motion on December 12, 2005.

The debtor testified at the hearing on his motion. When asked about his failure to pay in his previous case, the debtor replied that he hurt his back in March 2005, had back surgery in August 2005 and was unable to return to work until recently. He is now working two jobs and has been making his plan payment in the present case. National City Home Loan Services holds the mortgage on Johnson's home. Prior to the filing of this case, National City had scheduled a foreclosure sale for December 2, 2005. National City filed a response to the debtor's motion on December 12, 2005. According to the Chapter 13 Trustee's report, the debtor made a majority of his plan payments prior to his injury.

■ Section 362(c) of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, ("BAPCA" or "Act"), sets forth:

> (c) Except as provided in subsections (d), (e), (f), and (h) of this section—
>
> (1) the *stay of an act against property of the estate* under subsection (a) of this section continues until such property is no longer property of the estate;
>
> .    .    .    .    .
>
> (3) if a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1–year period but was dismissed, other than a case refiled under a

chapter other than chapter 7 after dismissal under section 707(b)—

> (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate *with respect to the debtor* on the 30th day after the filing of the later case;

11 U.S.C. § 362(c) (emphasis added). When read in conjunction with subsection (1), the Court finds that the plain language of § 362(c)(3)(A) dictates that the 30–day time limit only applies to "debts" or "property of the debtor" and not to "property of the estate." As a result, the automatic stay continues to protect "property of the estate" as long as it remains "property of the estate."

■ Section 541(a) of the Act defines "property of the estate" as "all legal or equitable interests of the debtor in property as. of the commencement of the case." 11 U.S.C. § 541(a). Section § 1306 expands the definition of "property of the estate" in chapter 13 cases to include:

> (1) all property of the kind specified in [§ 541] that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11 or 12 of this title, whichever occurs first; and
>
> (2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed or converted ... whichever occurs first.

11 U.S.C. § 1306(a). Pursuant to orders confirming chapter 13 plans in the Western District of Tennessee, all property which is defined by §§ 541 and 1306 as "property of the estate" remains property of the chapter 13 estate until the case is discharged or dismissed or until the court orders otherwise.

Clearly, all property defined by either § 541 or § 1306 as "property of the estate" remains "property of the estate" in chapter 13 cases in this district until the case is either dismissed or discharged or until the court orders otherwise. Consequently, the automatic stay is not terminated with respect to "property of the estate" on the 30th day. Instead, it continues until the case is dismissed or discharged or until the court orders otherwise.

In reviewing the case at bar in light of these conclusions, the Court's decision to grant the debtor's motion to extend the stay on December 29, 2005, was superfluous. The stay did not terminate with respect to the debtor's home on December 30th. It remains in effect until the debtor's case is dismissed or discharged or until the court orders otherwise.

Any creditor seeking to foreclose or repossess property, which is by statute "property of the estate," must file an appropriate motion seeking relief from the automatic stay. If creditors take any action against such property without first seeking relief, they may be violating the automatic stay.