In re Sebryna E. HARRIS, Debtor.

No. 05–81435.

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

May 1, 2006.

Glenn M. Schiller, Glenn M. Schiller Co., LLC, Akron, OH, for Debtor.

Jeffry Laurito, Laurito & Laurito, LLC, Springboro, OH, for Mortgage Electronic Registrations Systems, Inc.

**ORDER INTERPRETING 11 U.S.C. § 362(c)(3)(A) AND DENYING MOTION TO EXTEND THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(c)(3)(B)**

MARILYN SHEA–STONUM, Bankruptcy Judge.

On March 2, 2006 the Court held a hearing on the following pleadings: (1) a "Motion for Order Confirming Inapplicability of Automatic Stay …" [docket # 13] filed by Mortgage Electronic Registration Systems, Inc. ("MERS"); (2) debtor's "Motion to Extend the Automatic Stay of Execution" [docket # 15]; (3) MERS' response to debtor's motion [docket # 20]; and (4) debtor's response to MERS' motion [docket # 21]. Appearing at the hearing were Jeffry Laurito, counsel for MERS and Glenn Schiller, counsel for debtor. At the conclusion of the hearing counsel were given additional time in which to file briefs in support of their respective positions. Those briefs were filed [docket # 28, # 32 and # 33] and the matter was then taken under advisement.

This proceeding arises in a case referred to this Court by the Standing Order of Reference entered in this District on July 16, 1984. It is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (G) and (O) over which this Court has jurisdiction pursuant to 28 U.S.C. § 1334(b). Based upon the docket in this case and the Prior Case (as defined below), the parties' pleadings, counsels' arguments and pursuant to FED. R. BANKR. P. 7052, the Court makes the following findings of fact and conclusions of law.

**A. BACKGROUND**

On December 15, 2005, debtor filed the within chapter 13 bankruptcy petition. This same debtor also filed a chapter 13 bankruptcy petition on February 24, 2005 and that case was assigned case number 05–50935 (the "Prior Case"). The chapter 13 trustee filed a motion to dismiss the Prior Case based upon (a) the need for debtor to file an amended plan providing for payments on all vehicles and her student loan and (2) the need for debtor to file an amended Schedule B to list all vehicles in which she had an interest [Prior Case—docket # 22]. The Court entered an Order conditionally granting the trustee's motion to dismiss which gave debtor thirty days to file all required documents [Prior Case—docket # 22]. Debtor never filed the required documents and the Prior Case was dismissed on November 22, 2005 [Prior Case—docket # 25 and # 26].

MERS holds a mortgage on debtor's primary residence. In the Prior Case MERS obtained relief from the automatic pursuant to § 362(d) of the Bankruptcy Code. [Unless otherwise stated, all " § " references are to the Bankruptcy Code].

Pursuant to such relief, MERS commenced foreclosure proceedings against debtor's residence. The foreclosure sale was not completed prior to the filing of the within case.

On January 17, 2006 (33 days after the within case was filed) MERS filed a motion seeking entry of an order confirming that the automatic stay is no longer in effect in this case pursuant to § 362(c)(3).[1] On that same day, debtor filed a motion seeking to extend the automatic stay pursuant to § 362(c)(3)(B).

## B. DISCUSSION

This case is governed by the Bankruptcy Code as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). BAPCPA added two new provisions to § 362(c) that address an individual's multiple bankruptcy filings. The parties agree that one of those two new provisions, § 362(c)(3), applies to this case. Generally, that provision provides for the termination of the automatic stay when a debtor has had one prior case pending and dismissed within the year preceding the filing of a later case. It also permits a party in interest to request that the automatic stay remain in effect in the later case.

In her motion for a continuation of the automatic stay, debtor contends that the Prior Case was dismissed due to excusable neglect of debtor's counsel and that her current case was filed in good faith as to MERS and all other creditors. In her response to MERS' motion for entry of an order confirming the inapplicability of the automatic stay, debtor contends that, even if the Court does not order the stay to remain in effect, § 362(c)(3) does not provide for the complete termination of the automatic stay. It its response to debtor's motion to continue the automatic stay, MERS contends that this Court is without jurisdiction to order that the stay remain in effect because debtor's motion was filed more than thirty days after the filing date of this case. MERS also contends that § 362(c)(3) provides that the automatic stay terminate completely.

■ This is the first time that this Court has had to deal with the issues presented in this case[2] and their resolution requires an interpretation of § 362(c)(3). When interpreting a statute, "[t]he language of the statute is the starting point for interpretation, and it should also be the ending point if the plain meaning of that language is clear." *United States v. Palacios–Suarez,* 418 F.3d 692,

---

1. In its motion MERS actually makes reference to § 362(c)(4)(A)(ii) and not § 362(c)(3). Section 362(c)(4)(A)(ii) applies when a debtor had more than one prior bankruptcy case that was pending and dismissed in the year preceding the filing of the current case. In the case at bar, the debtor had only one prior case that was pending and dismissed thus it is subsection (c)(3) that would apply. Debtor does not take issue with MERS' citation to the wrong Bankruptcy Code section and in later pleadings MERS makes reference to § 362(c)(3).

2. Other courts, including at least one in this district, have addressed such issues. *See, e.g., In re Moon,* 339 B.R. 668 (Bankr.N.D.Ohio 2006) (holding that the language of § 362(c)(3)(A) unambiguously terminates the stay only as it applies to "debts" or "property of the debtor"); *In re Paschal,* 337 B.R. 274 (Bankr.E.D.N.C.2006) (holding that § 362(c)(3) terminates the stay only as to a formal judicial action against the debtor that was initiated prior to the later bankruptcy case being filed); *In re Johnson,* 335 B.R. 805 (Bankr.W.D.Tenn.2006) (holding that § 362(c)(3) does not terminate the automatic stay in a chapter 13 case of a serial filer where the court has adopted a local rule or local form chapter 13 plan that provides that property of the debtor remains property of the estate until the conclusion of the chapter 13 plan).

697 (6th Cir.2005) *citing United States v. Boucha,* 236 F.3d 768, 774 (6th Cir.2001).

### 1. Extension of the Automatic Stay Pursuant to § 362(c)(3)(B)

Section 362(c)(3)(A) provides that the automatic stay will terminate "on the 30th day after the filing of the later case." 11 U.S.C. § 362(c)(3)(A) (2005). If the automatic stay will expire, a party in interest may move for a continuation of the stay. If such a motion is made, the Court can extend the stay as to any or all creditors "after notice and a hearing completed before the expiration of the 30–day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed." 11 U.S.C. § 362(c)(3)(B) (2005).

Although § 362(c)(3) is clear as to what a debtor must show for the stay to be extended, it is not clear as to when a motion seeking an extension of the automatic stay must be filed. The only measuring reference in the provision is completion of a hearing before the expiration of the 30th day after the filing of the later case. 11 U.S.C. § 362(c)(3)(B)(2005). Because debtor's motion seeking an extension of the automatic stay was not even filed until 33 days after her case was filed, it would appear that such motion is not timely.

In its response to debtor's motion, MERS contends that this Court "is without jurisdiction to grant the requested extension, as Debtor failed to timely file her Motion to Extend the Automatic Stay in order to adjudicate this issue prior to the

thirty day stay expiration." MERS' Resp. at unnumbered pg. 1 [docket # 20]. Debtor's pleadings do not address the jurisdiction issue.

█ In addition to not clearly stating when a motion seeking an extension of the automatic stay must be filed,[3] § 362(c)(3) also does not address the efficacy of a motion filed outside of the only referenced time-frame. Whether a time-frame for taking action in a bankruptcy case is jurisdictional is not always clear. *Cf. Kontrick v. Ryan,* 540 U.S. 443, 453, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004) (holding that the time-frame for filing a complaint objecting to a debtor's discharge set forth in Bankruptcy Rule 4004 does not create or withdraw a bankruptcy court's subject matter jurisdiction over a core matter); *In re Begue,* 176 B.R. 801, 804 (Bankr.N.D.Ohio 1995) (holding that the time-frame in Bankruptcy Rule 4007(c) is not a termination of the bankruptcy court's jurisdiction but instead a statute of limitations that can be equitably tolled).[4] This Court, however, need not address the issue of its jurisdiction given that debtor did not meet the evidentiary burden required to support an extension of the automatic stay.

Before a court can grant a motion to extend the automatic stay the debtor must demonstrate that the later case constitutes a good faith filing. Section 362(c)(3)(C) specifically provides that a later filed case is presumed to have been filed "not in good faith" as to all creditors, if

\*    \*    \*    \*    \*    \*

the case as to any or all creditors ... after notice ....

11 U.S.C. § 362(c)(4)(B) (2005).

---

3. *Compare with* § 362(c)(4)(B) which sets forth a clearer time-frame for when a motion must be filed regarding imposition of the automatic stay in a later filed case:

> (B) if, within 30 days after the filing of the later case, a party in interest requests the court may order the stay to take effect in

4. Counsel for debtors could simply avoid this issue in most instances by filing a motion to extend the automatic stay as soon as practicable after a case is filed.

(II) a previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was dismissed within such 1–year period, after the debtor failed to-

(aa) file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney); . . . .

11 U.S.C. § 362(c)(3)(C). If the presumption arises, which is does in this case, then the presumption can be overcome only "by *clear and convincing evidence* to the contrary." *Id.* (emphasis added).

Debtor's counsel in the within case also served as counsel to debtor in the Prior Case. During argument, debtor's counsel reiterated statements made in debtor's motion to continue the stay that the Prior Case was dismissed due to his excusable neglect and that debtor was filing the within case in good faith.

The [Prior Case] was dismissed due to the excusable neglect of Debtor's counsel to inform the Chapter 13 Trustee about Debtor's use and payment of a vehicle in her father's name. The Trustee then moved to Dismiss [sic] the case as it [sic] had not been able to successfully conclude the 341 meeting.

Due to the miscommunication between Debtor and her counsel, Debtor's mortgage company, . . ., received judgment on its motion for relief of stay and said mortgage company refused all payments by Debtor.

Debtor had made all payments to the Chapter 13 trustee in a timely manner and for the reasons above, she and her counsel thought it best to have the [Prior Case] dismissed and for her to refile. She is doing so in good faith.

Debtor Mot. to Continue Stay [docket # 15] at pg. 1.

Aside from the self-serving declarations by debtor in her motion and by debtor's counsel during the hearing on the motion, no evidence was presented to rebut the presumption that the within case was filed "not in good faith." Accordingly, this Court is without any basis to find that debtor "demonstrate[d] [by clear and convincing evidence] that the filing of the later case is in good faith as to the creditors to be stayed." 11 U.S.C. § 362(c)(3)(B)(2005). As such, debtor's motion to extend the automatic stay cannot be granted.

### 2. Scope of § 362(c)(3)(A)

Subsection (a) of § 362 sets forth the scope of the automatic stay by reference to acts against "the debtor;" "property of the estate;" "property of the debtor;" and "property from the estate." 11 U.S.C. § 362(a)(1)-(7)(2000). If § 362(c)(3) applies to a later filed case then "the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case." 11 U.S.C. § 362(c)(3)(A) (2005). MERS argues that this provision should be interpreted to mean that the entire automatic stay will terminate. Debtor contends that this language should be interpreted to mean that only some portion of the automatic stay will no longer remain in effect.

Given the curious way in which Congress chose to draft § 362(c)(3)(A), it is not clear what portion of the automatic stay is terminated on the 30th day after the later case is filed. When a statute it ambiguous, a court may look to the statute's legislative history to aid it in determining the statute's meaning. *Broadcast Music, Inc. v. Roger Miller Music, Inc.*, 396 F.3d

762, 769 (6th Cir.2005). Although the legislative history on BAPCPA is limited, what does exist states that it "amends section 362(c) of the Bankruptcy Code to terminate the automatic stay within 30 days in a chapter 7, 11, or 13 case filed by or against an individual if such individual was a debtor in a previously dismissed case pending within preceding one-year period." H.R.Rep. No. 109–31, pt. 1, U.S.Code Cong. & Admin.News 2005, pp. 88, 138 (2005). If the Court were to consider only this legislative history, MERS' argument that the entire automatic stay is terminated might be persuasive:

> The legislative history behind BAPCPA clearly states the fact that it was intended to prevent abuse [sic] the bankruptcy process. If this section regarding the 30–day stay was intended to lift the stay as to debtor herself, but not to property vesting in the estate upon filing, then the purpose of the amendments enacted in October would be pointless.... [BAPCPA] merely ends the stay automatically, alleviating the need for a motion [for relief] by the creditor.... If the Code were interpreted any other way, it would render the sections following § 362(c)(1) useless. If the stay were to continue as to any property of the estate, no creditor would be able to pursue the debt owed to them. Lifting the stay only as to the Debtor would merely enable Creditors to continue badgering the debtor with phone calls and letters, which could not possibly have been the intention of Congress in enacting BAPCPA.[5]

MERS Mem. in Support [docket # 28] at unnumbered pp. 2–3. Such an interpretation would not, however, be appropriate given the Court's obligation to consider the statute as a whole. *See Dolan v. United States Postal Serv.,* —— U.S. ——, ——, 126 S.Ct. 1252, 1257, 163 L.Ed.2d 1079 (2006).

Through the addition to the Bankruptcy Code of § 362(c)(3) and (c)(4), Congress chose to penalize a debtor who has had multiple bankruptcy cases pending and dismissed within a certain period of time. Congress also chose to impose differing penalties depending upon how many prior bankruptcy cases a debtor has had. As discussed above, § 362(c)(3) will apply when a debtor has had one prior bankruptcy case pending and dismissed within the previous year. If § 362(c)(3) is triggered, the automatic stay will go into effect in a later filed case but will be affected thirty days after the later case is filed.

■ By contrast, § 362(c)(4) will apply when a debtor has had more than one prior bankruptcy case pending and dismissed within the previous year. *See* 11 U.S.C. § 362(c)(4)(A)(i) (2005). If § 362(c)(4) is triggered "the stay under [§ 362(a)] *shall not go into effect* upon the filing of the later case...." *Id.* (emphasis added). In addition to choosing to differentiate between the number of a debtor's prior bankruptcy filings, Congress also chose to differentiate between the penalty that would be imposed. Had Congress intended § 362(c)(3)(A) to completely terminate the automatic stay, it could have used the same straightforward language it used in § 362(c)(4)(A)(i). Instead, Congress chose to describe the effect on the automatic stay in very different way. "[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate

---

5. Nowhere in its briefs does MERS provide this Court with any citations to the legislative history upon which it purportedly relies.

inclusion or exclusion." *Russello v. United States,* 464 U.S. 16, 23, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983) (*quoting United States v. Wong Kim Bo,* 472 F.2d 720, 722 (5th Cir.1972)).

Based upon the foregoing, the Court concludes that § 362(c)(3)(A) does not terminate the entire automatic stay. As to what portion of the stay is effected, the Court must parse the exact language used: "the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case." The first portion of this section describes the actions, otherwise proscribed under § 362(a), that will be allowed to go forward ("any action taken with respect to a debt;" "any action taken with respect to ... property;" or "any action taken ... with respect to any lease"). The last portion of this section describes who such actions may be taken against ("the stay ... shall terminate with respect to the debtor"). Although such an interpretation may not provide much of a benefit to creditors such as MERS, it is an appropriate one given the manner in which Congress chose to draft § 362(c)(3).

## C. CONCLUSION

Based upon the foregoing, the Court concludes that debtor's motion to extend the automatic stay is not well taken and is hereby denied. The Court further finds that § 362(c)(3)(A) terminated the automatic stay as to (1) any action taken with respect to a debt of the debtor; (2) any action taken with respect to property of the debtor; and (3) any action taken with respect to any lease of the debtor. No other portion of the automatic stay, including the stay relating to property of or from the estate, was effected.