In re Veronica T. JUMPP, Debtor.

Veronica T. Jumpp, Appellant,

v.

Chase Home Finance, LLC, Appellee.

BAP No. 06–031.
Bankruptcy No. 06–40677–JBR.

United States Bankruptcy Appellate Panel
of the First Circuit.

Dec. 28, 2006.

Craig T. Ornell, Worcester, MA, Lawson Williams, on brief for Appellant.

Andrew S. Harmon, Newton Highlands, MA, on brief for Appellee.

Before DE JESÚS, VAUGHN and DEASY, United States Bankruptcy Appellate Panel Judges.

PER CURIAM.

Veronica T. Jumpp (the "Debtor") appeals from the bankruptcy court's June 23, 2006, order denying the Debtor's Motion for Determination and Declaratory Judgment as to Continuation and Existence of the Automatic Stay ("Motion for Determination") and Motion to Reimpose the Automatic Stay, which had the effect of lifting the automatic stay in favor of Chase Home Finance, LLC ("Chase"). The bankruptcy

court held that section 362(c)(3)(A) [1] terminates the automatic stay in its entirety, i.e., with regard to the debtor, property of the debtor, and property of the estate. The Debtor argues that section 362(c)(3)(A) does not terminate the stay with regard to property of the estate. For the reasons set forth below, the bankruptcy court's order is vacated.

## BACKGROUND

The Debtor filed a Chapter 13 petition on May 1, 2006. She had previously been a debtor in a Chapter 13 case that was dismissed upon the Chapter 13 trustee's motion on February 6, 2006. Chase holds a mortgage on the Debtor's residence in which the Debtor claims approximately $86,000 in equity exempt under Mass. Gen. Laws, Ch. 188, § 1.

In her current bankruptcy case, the Debtor filed a Motion to Extend the Automatic Stay on May 30, 2006, twenty-nine days post-petition. *See* 11 U.S.C. § 362(c)(3)(B) (requiring, before the court may grant a motion to extend the automatic stay, that both the motion be filed and the hearing be held "before the expiration of the 30–day period"). The Debtor did not seek an expedited hearing on her motion, and a hearing was held on June 6, 2006. Chase objected to the motion to extend the stay on the ground that the stay could not be extended because the hearing was not held within thirty days. The bankruptcy court denied the Debtor's Motion to Extend the Automatic Stay. The Debtor then filed a Motion to Reconsider in light of *In re Johnson,* which had been recently decided. *See In re Johnson,* 335 B.R. 805 (Bankr.W.D.Tenn.2006) (holding

---

**1.** Unless otherwise stated, all references to the "Bankruptcy Code," the "Code," "§ ," "section" or to specific sections are to title 11 of United States Code, 11 U.S.C. §§ 101–

1532, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. No. 109–8.

that under section 362(c)(3)(A) the automatic stay terminates with respect to the debtor and property of the debtor, but not with respect to property of the estate). The Debtor's Motion to Reconsider was denied "because it failed to allege any newly discovered evidence, any manifest error of law, or any significant change in the law that would affect the prior outcome." *In re Jumpp*, 344 B.R. 21, 23 (Bankr.D.Mass.2006). The Debtor did not appeal the denial of her Motion to Reconsider.

The Debtor next filed the Motion for Determination wherein she argued the position she currently argues on appeal, that section 362(c)(3)(A) does not terminate the stay with regard to property of the estate. The Debtor also filed a Motion to Reimpose the Automatic Stay, arguing that the court could use section 105(a) to reimpose the stay.

The bankruptcy court denied both the Motion for Determination and the Motion to Reimpose the Automatic Stay, holding that section 362(c)(3)(A) terminates the automatic stay in its entirety, i.e., with regard to the debtor, the debtor's property, and property of the estate. The court also concluded that it could not reimpose the automatic stay under section 105(a).[2]

### JURISDICTION

The bankruptcy appellate panel's jurisdiction includes appeals "from final judgments, orders, and decrees." 28 U.S.C. § 158(a)(1) and (b). *Fleet Data Processing Corp. v. Branch (In re Bank of New. England Corp.)*, 218 B.R. 643, 645 (1st Cir. BAP 1998). "A decision is final if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Id.* at 646 (quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945)). The bankruptcy court's order denying the Debtor's motions is final because it had the effect of lifting the automatic stay with respect to the Debtor's residence, permitting Chase to proceed against the Debtor's residence outside of bankruptcy. *See Tringali v. Hathaway Machinery Co., Inc.*, 796 F.2d 553, 558 (1st Cir.1986) (an order denying relief from the automatic stay is a final order).

### STANDARD OF REVIEW

Generally, a bankruptcy court's factual findings are reviewed under the clearly erroneous standard and conclusions of law are reviewed *de novo*. *See TI Fed. Credit Union v. DelBonis*, 72 F.3d 921, 928 (1st Cir.1995); *Western Auto Supply Co. v. Savage Arms, Inc. (In re Savage Indus., Inc.)*, 43 F.3d 714, 719–20 n. 8 (1st Cir. 1994). The extent to which the automatic stay terminates pursuant to section 362(c)(3)(A) is a question of law that the Panel herein reviews *de novo*.

### DISCUSSION

The question presented on appeal is whether section 362(c)(3)(A) terminates the automatic stay with regard to the debtor, property of the debtor, *and* property of the estate, or only with regard to the debtor and property of the debtor. The majority of courts that have considered the issue have concluded that the automatic stay does not terminate with respect to property of the estate.[3] The court below

---

**2.** The bankruptcy court's memorandum opinion involved two separate debtors in separate Chapter 13 cases, *In re Jumpp* and *In re Okyere*. The debtor in *In re Okyere* has not appealed the bankruptcy court's order.

**3.** *See, e.g., In re Pope*, 351 B.R. 14 (Bankr. D.R.I.2006); *In re Murray*, 350 B.R. 408 (Bankr.S.D.Ohio 2006); *In re Brandon*, 349 B.R. 130 (Bankr.M.D.N.C.2006); *In re Gillcrese*, 346 B.R. 373 (Bankr.W.D.Pa.2006); *In*

and *In re Jupiter,* 344 B.R. 754 (Bankr. D.S.C.2006), have held otherwise, concluding that the automatic stay terminates in its entirety.

Section 362(c)(3) terminates the automatic stay after thirty days for individual debtors who have had a previous bankruptcy case pending within the preceding year:

> (3) if a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1–year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)—
>
> (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate *with respect to the debtor* on the 30th day after the filing of the later case;
>
> (B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30–day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed; and
>
> (C) for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)—
>
> (i) as to all creditors, if—
>
> (I) more than 1 previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was pending within the preceding 1–year period;
>
> (II) a previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was dismissed within such 1–year period, after the debtor failed to—
>
> (aa) file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be a substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney);
>
> (bb) provide adequate protection as ordered by the court; or
>
> (cc) perform the terms of a plan confirmed by the court; or
>
> (III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, or 13 or any other reason to conclude that the later case will be concluded—
>
> (aa) if a case under chapter 7, with a discharge; or
>
> (bb) if a case under chapter 11 or 13, with a confirmed plan that will be fully performed; and
>
> (ii) as to any creditor that commenced an action under subsection (d) in a

re *Williams,* 346 B.R. 361 (Bankr.E.D.Pa. 2006); *In re Harris,* 342 B.R. 274 (Bankr. N.D.Ohio 2006); *In re Jones,* 339 B.R. 360 (Bankr.E.D.N.C.2006); *In re Moon,* 339 B.R. 668 (Bankr.N.D.Ohio 2006); *In re Johnson,* 335 B.R. 805 (Bankr.W.D.Tenn.2006); see also *In re Baldassaro,* 338 B.R. 178 (Bankr. D.N.H.2006) (discussing the issue but disposing of the case on other grounds); *In re Paschal,* 337 B.R. 274 (Bankr.E.D.N.C.2006) (same).

previous case in which the individual was a debtor if, as of the date of dismissal of such case, that action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to actions of such creditor[.]

11 U.S.C. § 362(c)(3) (emphasis added). Whereas section 362(c)(3) applies to individual debtors who had one prior case pending in the previous year, section 362(c)(4)(A)(i) applies to individual debtors who had two or more cases pending within the previous year:

(4)(a)(i) if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under section 707(b), *the stay under subsection (a) shall not go into effect* upon the filing of the later case[.]

11 U.S.C. § 362(c)(4)(A)(i) (emphasis added).

## I.

■■■ We begin by considering whether section 362(c)(3)(A) is ambiguous. If a Bankruptcy Code provision is unambiguous, the plain language controls, so long as a literal application of the provision does not produce an absurd result or one that is "demonstrably at odds with the intentions of its drafters." *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241, 242, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571, 102 S.Ct. 3245, 73 L.Ed.2d 973 (1982)); *Lamie v. United States Trustee*, 540 U.S. 526, 534, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004). In our search for ambiguity, we consider "the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Robin-*

*son v. Shell Oil Co.*, 519 U.S. 337, 341, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997).

The *Jupiter* court found the language of section 362(c)(3)(A) ambiguous, reasoning

that the operative and controlling wording in § 362(c)(3)(A) is that the stay under subsection (a) "terminates." The Court construes the remaining language of "with respect to the debtor" to define which debtor is effected by the provision, with reference to § 362(c)(3). Thus, in a joint case, a "debtor" may not necessarily mean both debtors if one debtor did not have a case dismissed within the year prior to the current petition date. *See, e.g., In re Parker*, 336 B.R. 678, 680–81 (Bankr.S.D.N.Y.2006) (holding that the new provisions of § 362(c)(4) does [sic] not affect a co-filing spouse with no prior filings). The Court finds § 362(c)(3)(A) lifts the automatic stay with respect to the category of debtor, defined by § 362(c)(3), including property of the debtor's estate.

*In re Jupiter*, 344 B.R. at 759–60. Other courts have found section 362(c)(3)(A)'s phrase "terminates with respect to the debtor" to be unambiguous:

Section 362(c)(3)(A) as a whole is not free from ambiguity, but the words, "with respect to the debtor" in that section are entirely plain; a plain reading of those words make sense and is entirely consistent with other provisions of § 362 and other sections of the Bankruptcy Code. Section 362(c)(3)(A) provides that the stay terminates "with respect to the debtor." How could that be any clearer?

*In re Jones*, 339 B.R. at 363. We disagree with *Jupiter* that the phrase "with respect to the debtor" is any less operative or controlling than the word "terminates." Viewed in isolation, the language itself is unambiguous.

Turning to context, "with respect to the debtor" comports with other provisions of section 362. Section 362(a) enumerates which acts and actions are stayed, differentiating between the debtor, property of the debtor, and property of the estate, providing:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding *against the debtor* that was or could have been commenced before the commencement of the case under this title, or to recover a claim *against the debtor* that arose before the commencement of the case under this title;

(2) the enforcement, *against the debtor* or *against property of the estate,* of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of *property of the estate* or of property from the estate or to exercise control over *property of the estate;*

(4) any act to create, perfect, or enforce any lien *against property of the estate;*

(5) any act to create, perfect, or enforce *against property of the debtor* any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim *against the debtor* that arose before the commencement of the case under this title;

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim *against the debtor;* and

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning a corporate debtor's tax liability for a taxable period the bankruptcy court may determine or concerning the tax liability *of a debtor* who is an individual for a taxable period ending before the date of the order for relief under this title.

11 U.S.C. § 362(a) (emphasis added). Section 362(c)(3)(A)'s phrase "with respect to the debtor" also speaks the same language as other subsections that differentiate between the debtor, property of the debtor, and property of the estate, including section 362(b)(2)(B) (providing that the automatic stay does not prevent "the collection of a domestic support obligation from property that is not property of the estate"), section 362(c)(1) (providing that "the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate"), and section 362(c)(2) (providing for the termination of the stay of "any other act" prohibited by § 362(a)). *In re Jones,* 339 B.R. at 364.

Section 521(a)(6), like section 362(c)(3)(A), was added by the Bankruptcy Abuse and Consumer Protection Act of 2005 ("BAPCPA") and also distinguishes between types of the stay. Judge Votolato:

I feel that in this instance Congress has demonstrated an awareness of the difference between a stay against property of the estate, and a stay against the debtor under § 521(a)(6), which deals with the consequences of a debtor's fail-

ure to reaffirm or redeem certain personal property subject to a purchase money security interest. In that instance Congress stated: "If the debtor fails to so act within the 45–day period referred to in paragraph (6), the stay under section 362(a) is terminated with respect to the personal property of the estate or of the debtor which is affected ....". 11 U.S.C. § 521(a)(6). In § 362(c)(3)(A), Congress makes no such distinction and only states: the stay is lifted "with respect to the debtor."

*In re Pope*, 351 B.R. at 16; *see also In re Jones*, 339 B.R. at 364 ("If Congress had intended that the automatic stay would terminate under § 362(c)(3)(A) as to property of the estate, it would have specifically said so, as it did in § 521(a)(6).").

Not every court that has considered the matter has found section 362(c)(3)(A) to be consistent with its sister subsections. *Jupiter* concluded that a partial termination of the stay would be inconsistent with section 362(c)(3)(B) and (C), which allows a "party in interest" to file a motion to extend the stay beyond the thirtieth day in the case of a debtor who has had one previous bankruptcy case pending in the previous year. *In re Jupiter*, 344 B.R. at 760–61. The motion must be filed and the hearing held within thirty days of the petition date, and the moving party must demonstrate that the later case was filed in good faith, and, in many cases, the burden of proof required of the moving party is clear and convincing. 11 U.S.C. § 362(c)(3)(B) and (C). In rejecting the majority position that section 362(a)(3)(A) does not terminate the stay with regard to property of the estate, *Jupiter* questioned why Congress would place a high burden on the debtor and require courts to hold expedited hearings when, in reality, the debtor would probably be the only "interested party" moving for an extension because most property involved in a bankruptcy case is property of the estate, especially in Chapter 13 where section 1306 incorporates pre- and post-petition property into the bankruptcy estate, and that property would continue to be protected by the automatic stay. *In re Jupiter*, 344 B.R. at 760–61. *Jupiter* is not alone in making this observation. "It is true that if § 362(c)(3)(A) only applies with respect to the debtor, it is unlikely that anyone other than the debtor would seek an extension, but the fact that it is unlikely does not make § 362(c)(3)(A) inconsistent with § 362(c)(3)(B)." *In re Jones*, 339 B.R. at 364. We agree with *Jones*.

■ Section 362(c)(4)(A)(i) is a new Code section that is similar in nature to section 362(c)(3)(A) but contains distinctly different language. Whereas section 362(c)(3)(A) limits the automatic stay for debtors who have had one previous bankruptcy case pending in the preceding year, section 362(c)(4)(A)(i) applies to debtors who have had two or more prior cases pending in the previous year. With respect to debtors with two or more prior cases, section 362(c)(4)(A)(i) clearly provides that "the stay under subsection (a) shall not go into effect upon the filing of the later case." 11 U.S.C. § 362(c)(4)(A)(i). "Where Congress includes particular language in one section of a statute but omits it in another, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Keene Corp. v. United States*, 508 U.S. 200, 208, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993) (citation, quotations, alteration, and omission omitted). "Congress could have removed the Stay in its entirety, as it did under § 362(c)(4), by simply deleting the phrase 'with respect to the debtor.'" *In re Brandon*, 349 B.R. at 132; *accord In re Harris*, 342 B.R. at 279–80; *In re Jones*, 339 B.R. at 364; *In re*

*Paschal,* 337 B.R. at 279; *In re Williams,* 346 B.R. at 368. Sections 362(c)(4)(A)(i) and 362(c)(3)(A) were both added by BAPCPA, and we are unconvinced that the significant difference in language between the two sections reveals a Congressional intent to say the very same thing. Rather, the language indicates an intent to differentially penalize previous filers based on the number of previous cases. *In re Harris,* 342 B.R. at 279.

■■■■■ Upon consideration of the language—"with respect to the debtor"—and the context in which that language is found, the Panel disagrees with the court below and concludes that this portion of section 362(c)(3)(A) is unambiguous. *See In re Jumpp,* 344 B.R. at 26 (finding the language of section 362(c)(3)(A) to be "less than clear" and proceeding to consider legislative history). In the face of an unambiguous statute, the Panel need not consider the statute's legislative history.[4]

## II.

Having found the plain language to be unambiguous, we turn to whether a literal application of section 362(c)(3)(A) would produce an absurd result or one that is "demonstrably at odds with the intentions of its drafters." *United States v. Ron Pair Enters., Inc.,* 489 U.S. at 242, 109 S.Ct. 1026 (quoting *Griffin v. Oceanic Contractors, Inc.,* 458 U.S. 564, 571, 102 S.Ct. 3245, 73 L.Ed.2d 973 (1982)); *Lamie v. United States Trustee,* 540 U.S. at 534, 124 S.Ct. 1023. The *Jupiter* court concluded that a partial termination of the stay would frustrate Congress's intention "to close 'loopholes and incentives that allow and—sometimes—even encourage opportunistic personal filings and abuse.'" *In re Jupi-*

ter, 344 B.R. at 761 (quoting H.R.Rep. No. 109–31(I), at 5 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 88–92). *Jupiter* continued by stating that "[a partial termination] is demonstrably at odds with Congress's intent to deter bad faith [and] successive filings." *Id.* at 762; *see also In re Jumpp,* 344 B.R. at 26–27 ("The thrust of amended section 362 is to burden the so-called 'repeat filer' with demonstrating why the automatic stay should be extended.").

The Panel disagrees with *Jupiter* that a partial termination of the stay would fail to discourage abusive filings. Lifting the stay with respect to the debtor and property of the debtor does penalize the debtor and does provide potential options to creditors.

Given the wording and categorization found in section 362(a), termination of the stay with respect to the debtor means that: suits against the debtor can commence or continue postpetition because section 362(a)(1) is no longer applicable; judgments may be enforced against the debtor, in spite of section 362(a)(2); collection actions may proceed against the debtor despite section 362(a)(6); and liens against the debtor's property may be created, perfected and enforced regardless of section 362(a)(5). *In re Williams,* 346 B.R. at 367. Also, a landlord can bring an eviction action against a debtor "with respect to" a lease. *In re Gillcrese,* 346 B.R. at 377 (citing 11 U.S.C. § 362(c)(3)(A)); *see also In re Williams,* 346 B.R. at 369 (discussing other potential options for creditors). A partial termination also protects creditors by protecting estate property. *In re Jones,* 339 B.R. at 365. It is not absurd that Congress may have sought to balance the

---

4. Even if Congressional intent is contained in the "sparse" legislative history, "general legislative intent cannot overcome specific, unambiguous statutory language." *In re Gill-* crese, 346 B.R. at 375, 376; *In re Jumpp,* 344 B.R. at 26 (describing the legislative history as "sparse").

interests of individual secured creditors with the interests of creditors as a whole by allowing Chapter 7 trustees sufficient time "to determine ... whether there is non-exempt equity in property of the estate that could be liquidated."[5] *In re Williams*, 346 B.R. at 369.

The court below concluded that, despite the language difference between sections 362(c)(3)(A) and 362(c)(4)(A)(i), Congress did not intend to give two-time filers "significantly greater protection [under section 362(c)(3)(A)] than a debtor [under section 362(c)(4)(A)(i)] who is filing her third petition." *In re Jumpp*, 344 B.R. at 27. The court reasoned that Congress instead intended that two-time filers get thirty-days protection from the stay and then the entire stay terminates, and three-time filers would get no stay at all. "It is the number of filings that is the critical distinction Congress was asking courts to make, not the extent to which the automatic stay applies." *Id.* While a complete termination of the automatic stay would also have made sense, that is not what the statute provides. Section 362(c)(3)(A) provides for a partial termination of the stay, which, although a lesser penalty than complete termination, nonetheless discourages abusive filings and, therefore, is a result that is neither absurd nor demonstrably at odds with the intention of the drafters.

With regard to the Debtor's residence, the automatic stay remains in effect to the extent that the residence is property of the bankruptcy estate. Because the automatic stay never lapsed with respect to property of the estate, it is unnecessary for the Panel to consider issues regarding extensions of the stay. Therefore, we decline to comment on the thirty-day timing provision of section 362(c)(3)(B) and the bank-

ruptcy court's conclusion that it lacked the power under section 105(a) to extend the automatic stay.

### CONCLUSION

For the foregoing reasons, the bankruptcy court's order denying the Debtor's Motion for Determination and Motion to Reimpose the Automatic Stay is **VACATED**.

---

5. Of course, a secured creditor may still file a motion for relief from the automatic stay pursuant to section 362(d).