**In re Annie ROBINSON, Debtor.**

**No. DK 09–13005.**

United States Bankruptcy Court,
W.D. Michigan.

April 16, 2010.

William H. Shaw, Mills & Shaw, P.C., Kalamazoo, MI, for Debtor.

## ORDER DENYING DEBTOR'S MOTION TO REINSTATE STAY

SCOTT W. DALES, Bankruptcy Judge.

On April 15, 2010, Debtor Annie Robinson, through counsel, filed her Motion to Reinstate Automatic Stay & Request for Expedited Hearing (DN 39, the "Motion"), seeking an expedited hearing and an order enjoining Chrysler Financial ("Chrysler") from repossessing the Debtor's 2006 Chrysler 300 automobile (the "Car"). According to the Motion, Chrysler is "threatening to repossess the vehicle because the original stay in this proceeding was terminated because the prior Chapter 13 filing was within one year of this filing." *See* Motion at ¶ 9.

Because of several patent deficiencies in the Motion, both substantive and procedural, the court has determined to enter an order summarily denying the Motion, without prejudice to renewal in an adversary proceeding.

In support of the Motion, Debtor's counsel explains that the Debtor filed a volun-

tary petition for relief under Chapter 13 with this court on July 20, 2009, commencing Case No. 09–08590 (the "First Case"). She filed the First Case without benefit of counsel, and because she failed to file complete schedules and related documents, the court dismissed the First Case on October 22, 2009. On November 30, 2009, after obtaining counsel, the Debtor filed another Chapter 13 petition, commencing Case No. 09–13005 (the "Present Case"). Unfortunately, the Debtor did not file a motion to continue the automatic stay in the Present Case within 30 days after commencement, and the automatic stay terminated with respect to the Debtor and property of the Debtor on December 30, 2009, by operation of law. *See* 11 U.S.C. § 362(c)(3)(A); *see also In re Harris,* 342 B.R. 274 (Bankr. N.D.Ohio 2006) (under 11 U.S.C. § 362(c)(3)(A), the automatic stay terminates with respect to the debtor and property of the debtor thirty days after petition date); *cf. In re Daniel,* 404 B.R. 318 (Bankr.N.D.Ill.2009) (30 days after the petition date, the automatic stay terminated completely, as to the debtor, property of the debtor, and property of the estate).

On March 17, 2010, the court confirmed the Debtor's Chapter 13 plan, as amended (DN 35 & 36, the "Plan"). The Plan provides that Chrysler will retain its security interest in the Car, and will have a secured claim in the amount of $10,425.00, to be paid through the Plan, with interest at 6%, and equal monthly payments of $225.00. *See* Plan (DN 35) at p. 8. The Debtor's fifth amendment to her Plan provides that after confirmation, all property of the estate vests in the Debtor. *See* Plan, DN 36. Therefore, upon confirmation, the Car was no longer included within the property of the estate, but was again "property of the Debtor." *See* 11 U.S.C. § 1327(b). Shortly after confirmation, the Debtor became concerned that Chrysler intended to repossess the Car, so she filed this Motion.

■ The Motion is deficient for at least three reasons. First, before the court will expedite a hearing on any motion, the party seeking to expedite that hearing must file two separate motions-one to expedite and a separate motion for the relief requested. *See* LBR 9013(j). Here, the Debtor made a request to expedite the hearing and in the same motion requested reinstatement of the stay. Second, and closely related, "[e]very request for an order from the Court shall be filed in a separate motion except for requests for alternative relief which may be contained in one motion." *See* LBR 9013(g). The Motion requested two orders for two distinct kinds of relief that were not alternative.

By requiring adherence to these local rules, the court is not standing on mere ceremony: separate motions serve to alert the court and adverse parties to distinct claims for relief. They also facilitate the use of the court's Case Management/Electronic Case Filing system ("CM/ECF"). Docketing separate motions serves a notice function, and electronic docketing systems such as CM/ECF depend upon the filers to separately identify distinct requests for relief.

■ Third, although the Motion is styled as one to "reinstate" the automatic stay, in effect it seeks to enjoin Chrysler from repossessing the Car. The Bankruptcy Code authorizes a party in interest to bring a motion to extend the automatic stay, only "after notice and a hearing *completed before the expiration of the 30–day period ...*" *See* 11 U.S.C. § 362(c)(3)(B) (emphasis added). Therefore, to the extent the Motion requests an extension of the stay, it is untimely. To the extent the Motion seeks injunctive relief, other than injunctive relief expressly provided for in a reorganization plan, it is procedurally im-

proper because the Debtor must file an adversary proceeding, and establish the elements of a case for injunctive relief. *See* Fed. R. Bankr.P. 7001(7). Given the reported urgency, the Debtor would likely seek preliminary injunctive relief. *See* Fed.R.Civ.P. 65. The Motion ignores these requirements.

■ The court has interpreted 11 U.S.C. § 362(c)(3)(A) as drawing a distinction between actions against the debtor or property of the debtor, on the one hand, and actions against property of the estate, on the other. Other courts, endeavoring to make sense of the "curious way" Congress framed 11 U.S.C. § 363(c)(3)(A),[1] have similarly concluded that, for debtors with two cases pending within the same year, the automatic stay terminates thirty days after filing the second case—with respect to the debtor and property of the debtor, but not with respect to property of the estate. *See In re Johnson,* 335 B.R. 805, 805 (Bankr.W.D.Tenn.2006) ("When read in conjunction with subsection (1), the Court finds that the plain language of § 362(c)(3)(A) dictates that the 30–day time limit only applies to 'debts' or 'property of the debtor' and not to 'property of the estate.'"); *In re Moon,* 339 B.R. 668, 673 (Bankr.N.D.Ohio 2006) (same). This interpretation of § 362(c)(3)(A), however, does not help the Debtor in this case because, under the Plan, the Car is no longer property of the estate and therefore no longer protected by the automatic stay. *See* 11 U.S.C. § 362(c)(1) (stay of actions against property of the estate terminates when property is no longer property of the estate). Because the Debtor did not timely move to extend the automatic stay in accordance with 11 U.S.C. § 362(c)(3)(B), the stay terminated with respect to the Debtor and property of the Debtor. Although the stay continued with respect to property of the estate for some time, at confirmation, in accordance with the vesting language of the Plan and 11 U.S.C. § 1327, the Car again became property of the Debtor, and lost the protection of the automatic stay under 11 U.S.C. § 362(c)(1). Indeed, the Present Case illustrates Judge Hughes's point that whether property is included within the estate or instead belongs to the debtor can have profound consequences in bankruptcy. *See, e.g., In re Van Stelle,* 354 B.R. 157 (Bankr. W.D.Mich.2006) (because insurance proceeds were not property of the estate post-confirmation, 11 U.S.C. § 363(b) did not provide debtors authority to substitute secured creditor's collateral).

To summarize, the Car is not protected by the automatic stay and the court is unwilling to enjoin Chrysler given the procedural and substantive defects in the Motion. Nevertheless, nothing in this order shall be construed to prevent the Debtor from seeking injunctive relief against Chrysler in an adversary proceeding, but the court will condition such relief upon proof of the traditional grounds for such equitable relief.

The court recognizes that requiring an adversary proceeding before awarding any injunctive relief adds expense and delay, but believes these consequences flow from a natural reading of the court's rules and the Bankruptcy Code. By enacting § 362(c)(3)(A), Congress clearly intended to impose some procedural penalties on "repeat filers," but nevertheless afforded debtors a relatively inexpensive means of extending the automatic stay, provided they act quickly. *See* 11 U.S.C. § 362(c)(3)(B) (motion to extend stay). The Debtor in the Present Case did not take advantage of this avenue for relief, and must therefore pursue an injunction

---

1. *In re Harris,* 342 B.R. 274, 278–79 (Bankr. N.D.Ohio 2006).

through an adversary proceeding, albeit with some additional expense and delay.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (DN 39) is DENIED without prejudice.

IT IS FURTHER ORDERED that the Clerk shall serve this Order upon William H. Shaw, Esq., Annie Robinson, Mary K. Viegelahn, Esq., and Kellie C. Arman Schone, Esq.

IT IS SO ORDERED.