**In re: Jon David REED and Regina Helton Reed, Debtors.**

**No. G05–25051–REB.**

United States Bankruptcy Court,
N.D. Georgia,
Gainesville Division.

Feb. 28, 2006.

E. L. Clark, Clark & Washington, P.C., Atlanta, GA, for Debtors.

### ORDER

ROBERT E. BRIZENDINE,
Bankruptcy Judge.

Before the Court is Debtors' motion to re-impose stay as to all creditors filed on December 14, 2005. The matter came on for hearing before the Court on January 5, 2006 at which time SunTrust Mortgage, Inc. entered its opposition to the motion and after hearing argument of counsel the Court took the matter under advisement.

At the Court's direction, the parties have briefed the issues presented and, upon review of same along with the statutory and applicable case law, the Court concludes that Debtors' motion should be reset for hearing.

Debtors commenced the above-styled Chapter 13 case through the filing of a voluntary petition on November 22, 2005. A prior case filed by Debtors, Case No. G05–22109–REB, was dismissed by Order dated October 6, 2005. Thus, as provided under 11 U.S.C. § 362(c)(3)(A), which became effective on October 17, 2005 as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPC-PA"), the stay provided by Section 362(a) upon the filing of this case terminates on the thirtieth day after such filing unless extended by court order.[1] Further, Section 362(c)(3)(B) requires that the hearing on a motion for such extension be concluded prior to the expiration of said thirty day period.

During the hearing, counsel for SunTrust argued on procedural grounds that Debtors' motion should be denied in that Debtors failed to comply with Section 362(c)(3)(A). Although Debtors filed their motion within the applicable thirty day period, they scheduled (through counsel) the hearing on same via electronic court filing outside said time period. Debtors therefore concede that the automatic stay in this case had terminated by reason of their failure to timely schedule their motion, but notwithstanding same, contend that they may still proceed on their motion to re-impose the automatic stay outside the thirty day period for several reasons including their argument under Section 362(c)(4)(B). In addition, at the hearing the Court raised the question whether it

---

1. The stay provided by 11 U.S.C. § 362(a) is commonly referred to as the automatic stay as used hereinafter.

held the requisite authority to grant the relief sought by Debtors in any event, where same is sought via motion practice after the stay has terminated as compared to the commencement of an adversary proceeding seeking injunctive relief through the filing of a complaint.

In its brief, SunTrust argues that Section 362(c)(4) does not provide authority for reimposition of the terminated stay on the facts presented. Criticizing the decision of *In re Toro–Arcila*, 334 B.R. 224 (Bankr.S.D.Tex.2005), as cited by Debtors, SunTrust contends that this subsection, which permits a hearing beyond thirty days if the motion is timely filed, does not save Debtors' request for relief herein inasmuch as this provision is restricted to situations where two or more cases of a debtor were dismissed in the preceding year. By contrast, the bank claims that Debtors in the above case are bound by Section 362(c)(3) since only a single case has been dismissed. Because Congress provided a separate remedy for each situation, courts may not blend together the procedural mechanisms of Sections 362(c)(3) and (c)(4). In addition, SunTrust asserts that Debtors' reliance on Fed.R.Bankr.P.9024, which incorporates Fed.R.Civ.P. 60, is not relevant because the stay terminated not as the result of legal error or mistake, but by operation of statute. Thus, Debtors must proceed through the procedural framework of Fed.R.Bankr.P. 7001(7) and file a complaint for injunctive relief.

In support of their motion, Debtors argue that their motion to re-impose stay is properly brought under Fed.R.Bankr.P. 9024.[2] Noting the distinction drawn in *State Bank v. Gledhill (In re Gledhill)*, 76 F.3d 1070 (10th Cir.1996), which held that reimposition of the stay under Section 105(a) may not be decided on motion as a contested matter, Debtors argue that the procedural posture of their request is sufficient given that the relief they seek lies under Fed.R.Bankr.P. 9024 and Fed.R.Civ.P. 60(b), which is not enumerated under Fed.R.Bankr.P. 7001. Compare *In re Bryant*, 296 B.R. 516 (Bankr.D.Colo. 2003). Thus, Debtors contend the filing of a complaint is unnecessary. Next, Debtors cite the *Toro–Arcila* decision in support of their contention that their motion to re-impose stay after its termination under Section 362(c)(3) should be construed as a motion under Section 362(c)(4)(B). Finally, Debtors claim that because the automatic stay is intended to preserve the status of all interested parties, it operates in accordance with assertion of the bankruptcy court's *in rem* jurisdiction and so maybe addressed by motion, as contrasted with *in personam* jurisdiction necessitating the issuance of process prior to the granting of injunctive relief. *See generally Tennessee Student Assistance Corp. v. Hood*, 541 U.S. 440, 124 S.Ct. 1905, 158 L.Ed.2d 764 (2004).

■ Since the enactment of the Bankruptcy Code in 1978, upon the commencement of a bankruptcy case an automatic stay arises by operation of statute as opposed to the former practice under the Bankruptcy Act when such relief was requested by application.[3] As Debtors argue, the stay acts as a means of asserting the exclusive jurisdiction of the bankruptcy court, which extends over the debtor and all of the debtor's property or estate. *See*

---

**2.** Debtors' brief is actually filed in the case of *In re Reginald Lamar Sancho*, Chapter 13 Case No. A05–86190–REB, a case that also presents the Court with the same issues confronted herein.

**3.** In a limited number of cases, since BAPCPA became effective, the automatic stay does not go into effect upon filing. *See* 11 U.S.C. § 362(c)(4)(A).

*e.g. United States v. Whiting Pools,* 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983); *see also* 28 U.S.C. § 1334(e).[4] As a court of equity, bankruptcy courts exercise *in rem* jurisdiction to administer the property of the estate for the benefit of all creditors. The scope of *in rem* jurisdiction has been construed very broadly as evidenced in recent Supreme Court decisions. *See e.g. Hood,* 541 U.S. 440, 124 S.Ct. 1905, 158 L.Ed.2d 764; compare *Central Virginia Community College v. Katz,* 126 S.Ct. 990, 163 L.Ed.2d 945 (2006). As observed in *Hood,* this jurisdiction allows the bankruptcy court to determine the claims or interests of any entity that are asserted against the bankruptcy estate. 124 S.Ct. at 1911, citing 16 J. Moore, et al., Moore's Federal Practice § 108.70[1], p. 108 (3d ed.2004).

■ Further, though such jurisdiction is not necessarily co-extensive with the stay, which is procedural in nature, the automatic stay is designed to protect this jurisdiction by prohibiting certain unilateral actions from being taken against a debtor or his/her bankruptcy estate and its property to the detriment of other creditors or the debtor. In other words, if the stay is modified, the court's *in rem* jurisdiction remains intact. Upon termination of the statutorily-granted stay, a party seeking similar protection in this Court's view must seek same through the power granted to the bankruptcy court under Section 105(a) "to issue any order, process,

or judgment that is necessary or appropriate to carry out the provisions of this title." *See e.g. Homsy v. Floyd (In re Vitek, Inc.),* 51 F.3d 530 (5th Cir.1995) (injunctive relief sought for surety sharing liability with debtor); compare *Chrysler Capital Corp. v. Official Committee of Unsecured Creditors (In re Twenver, Inc.),* 149 B.R. 950 (D.Colo.1993); *but see Gledhill,* 76 F.3d 1070, 1079.

■ Given this background, the Court believes that the relief sought herein by Debtors is more properly characterized as a request under Section 105(a) as opposed to a reimposition of the automatic stay. The stay has terminated and what Debtors are actually seeking is to protect this Court's *in rem* jurisdiction and such relief may be sought by motion as opposed to initiating an adversary proceeding. Requiring Debtors to proceed via motion is consistent with this purpose as it allows for efficient administration of the case for the benefit of all interested parties. In a typical bankruptcy case, a consumer debtor will have at least ten to twelve creditors, all of whom would need to be served with a summons if a complaint was required. This could make it considerably burdensome and expensive to proceed through a complaint and, when added to the lapse of time, could actually frustrate interests of case administration.[5]

In reaching this decision, the Court recognizes that Fed.R.Bankr.P. 7001(7) pro-

---

4. The estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a).

5. On occasion, debtors will only seek to extend the stay with respect to one or two secured creditors with liens on their house or automobile, but more routinely, debtors seek to extend the stay as to all creditors.

   The Court further notes from a practical viewpoint that the outcome in the case of *In*

*re Toro–Arcila* has merit, but the Court is not persuaded by its reasoning and does not follow same for purposes of its decision herein. In that case, the court used Section 362(c)(4)(B) as grounds for setting a hearing on whether to impose the stay on a motion that was filed on the thirtieth day following the petition date where the court could not rule on same within the statutorily prescribed time period of Section 362(c)(3)(B).

vides for the issuance of injunctive relief through the filing of a complaint and initiation of an adversary proceeding. Yet, this rule contemplates enforcement of a right as a matter of substantive law such as enjoining specific performance or holding that a party is not entitled to foreclose thereby preserving the status quo. In the matter before the Court, Debtors are not seeking affirmative, substantive relief, but again, seeking to protect their bankruptcy estate through the assertion of this Court's *in rem* jurisdiction over the Debtors' property. Compare *In re Crow*, 394 F.3d 918 (11th Cir.2004).[6]

Further, the Court observes that under Section 362(c)(3)(C) a debtor must rebut a presumption that the case is not filed in good faith by clear and convincing evidence. This Court views this evidentiary standard as serving a comparable role to the factors considered in issuing injunctive relief in a complaint, to wit:

> (1) [movant] has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest.

*Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir.2004). Thus, the matters considered in issuing an injunction are effectively subsumed in the determination under Section 362(c)(3)(B), and the creditor still essentially enjoys the benefits of this test given the clear and convincing standard of this subsection.[7]

Accordingly, based upon the above reasoning, it is

ORDERED that the Debtors may proceed by motion to seek the relief requested herein, and a hearing will be set on separate written notice to determine whether a stay shall be imposed in the above-styled case as to any entity under 11 U.S.C. § 105(a) against any action that would be stayed under 11 U.S.C. § 362(a) subject to the exceptions of 11 U.S.C. § 362(b).

The Clerk is directed to serve a copy of this Order upon counsel for Debtors, counsel for SunTrust Mortgage, Inc., the Chapter 13 Trustee, and the U.S. Trustee.

**IT IS SO ORDERED.**

---

**6.** It is also arguable whether Fed.R.Bankr.P. 7001(7), enacted before BAPCPA and its provisions for expiration of the stay by statute, contemplates the new set of rights and remedies created herein by the Code as amended, such that they are therefore controlled by Fed.R. Bankr.P. 9014 as a "matter not otherwise governed by these rules" since Fed. R.Bankr.P. 7001 does not mandate a particular procedure in this situation.

**7.** Typically, the fourth factor is not a consideration.