In re Temidayo AJAKA, Debtor.

No. 06–64920–MHM.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

June 4, 2007.

Ralph Goldberg, Goldberg & Cuvillie, P.C., Decatur, GA, for Debtors.

Adam M. Goodman, Chapter 13 Trustee, Atlanta, GA, for Chapter 13 Trustee.

## ORDER DENYING MOTION TO EXTEND AUTOMATIC STAY

MARGARET H. MURPHY,
Bankruptcy Judge.

This case commenced May 1, 2006. Debtor had one prior case that had been filed August 2, 2002 and dismissed January 27, 2006. On May 31, 2006, Debtor filed a motion to extend the automatic stay under § 362(c)(3). Hearing on Debtor's motion was held July 13, 2006. No opposition to Debtor's motion was filed and at the hearing, no creditor or party in interest appeared to oppose the motion. The Chapter 13 Trustee did, however, call the court's attention to the fact that the hearing on Debtor's motion took place more than 30 days after the bankruptcy petition was filed. Debtor was accorded the opportunity to brief the issue of whether the court could extend the automatic stay.

■ Effective October 17, 2005, amendments to the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA") added provisions to 11 U.S.C. § 362 to limit the application of the automatic stay in bankruptcy cases filed following one or more prior bankruptcy cases filed by the same debtor within the preceding twelve months. Specifically, if a debtor had one prior case pending within the preceding twelve months, § 362(c)(3) provides:

(A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;

(B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30–day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed....

In the instant case, Debtor failed to satisfy the procedural requirements in § 362(c)(3)(B); Debtor failed to obtain a hearing on the motion within the applicable 30–day period. Accordingly, Debtor is not entitled to relief under § 362(c)(3).

■ Debtor argues that even though Debtor failed to comply with the procedural requirements of § 362(c)(3), he may obtain the relief he seeks under § 362(c)(4). Section § 362(c)(4) provides:

(A)(i) if a single or joint case is filed by or against a debtor who is an individual under this title, *and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed,* other than a case refiled under section 707(b), the stay under subsection (a) shall not go into effect upon the filing of the later case;

(B) if, with 30 days after the filing of the later case, a party in interest requests, the court may order the stay to take effect in the case as to any or all creditors (subject to such conditions or limitations as the court may impose), after notice and a hearing, only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed;

(C) a stay imposed under subparagraph (B) shall be effective on the date of the entry of the order allowing the stay to go into effect....

Debtor relies upon the case of *In re Toro–Arcila,* 334 B.R. 224 (Bankr.S.D.Tex.2005) and the cases in accord with *Toro–Arcila,* which Debtor describes as the majority position.

Recounting here the strained interpretation of § 362(c)(4) set forth at length in *Toro–Arcila* is unnecessary, as this court finds it unpersuasive. Section 362(c)(4) states quite clearly that it applies only when *"2 or more single or joint cases of the debtor were pending within the previous year but were dismissed."* Section 362(c)(4) is not available to a debtor who fails to comply with the procedural requirements of § 362(c)(3). *Accord Whitaker v. Baxter,* 341 B.R. 336 (Bankr. S.D.Ga.2006)(J. Dalis); *In re Reed,* 370 B.R. 414, 2006 WL 4589688 [Dkt. 19] (Bankr.N.D.Ga., Feb. 28, 2006).

In *Whitaker,* the debtors had filed one prior case. Twenty-seven days after their second case was filed, they filed a motion under § 362(c)(3) to reimpose the stay, but the hearing on their motion was not held until 54 days after filing. The court concluded that the debtors were not eligible for relief under § 362(c)(3) because hearing was not completed within 30 days, as required by the statute. The court also concluded that the debtors were not eligible for relief under § 362(c)(4) because only one prior case had been filed. The debtors had satisfied their burden of proof to show their case was filed in good faith, however. Thus, the court employed § 105 to reimpose the stay.

Similarly, in *Reed,* the debtors had filed their motion to extend the stay within the 30–day time limit but had failed to obtain a hearing on their motion within that 30–day time limit. The court concluded that it

could not "blend together" § 362(c)(3) and (c)(4) to avoid the procedural limits of § 362(c)(3). The court also rejected the debtors' argument that they could proceed under Bankruptcy Rule 9024, concluding that the statutory termination of the automatic stay was not subject to reconsideration under Rule 9024, which incorporates Fed. R. Civ. Proc. 60. The court did conclude, however, that exercising its *in rem* jurisdiction over property of the estate and its power under 11 U.S.C. § 105, upon proper motion, relief could be accorded to the debtors, without the necessity of filing an adversary proceeding to seek an injunction.

The decisions in *Whitaker* and *Reed* are persuasive. The failure to comply with the time limitations set forth in § 362(c)(3) deprives debtors of the right to seek an uninterrupted extension of the automatic stay under that portion of the statute. Section 362(c)(4) is not applicable to a debtor who has had only one prior case pending during the twelve months preceding the filing of the current case.

■ Debtor also argued that § 362(c)(3) does not apply to property of the estate. Debtor relies upon that line of cases that hold that § 362(c)(3) applies to the debtor and property of the debtor but not to property of the estate. *In re Paschal*, 337 B.R. 274 (Bankr.E.D.N.C., January 6, 2006) (J. Small); *In re Jones*, 339 B.R. 360 (Bankr.E.D.N.C.2006); *In re Baldassaro*, 338 B.R. 178 (Bankr.D.N.H.2006); *In re Johnson*, 335 B.R. 805 (Bankr.W.D.Tenn. 2006); *In re Charles*, 332 B.R. 538 (Bankr. S.D.Tex.2005); *In re Moon*, 339 B.R. 668, 2006 WL 787793 (Bankr.N.D.Ohio 2006); *In re Moore*, 337 B.R. 79 (Bankr.E.D.N.C. 2005). *Jumpp v. Chase Home Finance LLC*, 356 B.R. 789 (1st Cir. BAP 2006). These opinions (*Paschal* to *Jumpp* ) which interpret § 362(c)(3) as limited in its application are persuasive. In the instant case,

it appears that all the property for which Debtor seeks protection from the automatic stay is property of the estate. As § 362(c)(3) does not apply to terminate the stay as to property of the estate, relief under that Bankruptcy Code section is unnecessary. Accordingly, it is hereby

ORDERED that, in light of *Paschal* to *Jumpp*, Debtor's motion to extend the stay is *denied* as unnecessary.

IT IS SO ORDERED.