Rosas v. Berry Plastics

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of May, two thousand sixteen.

PRESENT:
> ROSEMARY S. POOLER,
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

Pedro Rosas,

> *Plaintiff-Appellant*,

v.                                                                                          15-2048

Berry Plastics (Pliant LLC),

> *Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT:          Pedro Rosas, Jr., pro se, Rochester, New York.

FOR DEFENDANT-APPELLEE:          Thomas G. Eron, Katherine S. McClung, Bond,
                                                            Schoeneck & King, PLLC, Syracuse, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Curtin, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Pedro Rosas, proceeding pro se, appeals the district court's judgment dismissing his complaint alleging employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"), and the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq., as untimely filed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's sua sponte dismissal of a complaint or its dismissal of an employment discrimination case as untimely under the applicable statute of limitations. *See McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004) (sua sponte); *Brown v. Parkchester S. Condos.*, 287 F.3d 58, 60 (2d Cir. 2002) (statute of limitations).

In order to pursue a Title VII claim in federal court, a plaintiff must file his federal complaint within 90 days of receipt of his EEOC right-to-sue letter. *See* 42 U.S.C. § 2000e-5(f)(1). "Normally it is assumed that a mailed document is received three days after its mailing." *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525 (2d Cir. 1996). "And normally it may be assumed, in the absence of challenge, that a notice provided by a government agency has been mailed on the date shown on the notice." *Id.* at 526.

The district court properly concluded that Rosas's complaint was time barred. Nothing in the record rebuts the presumption that Rosas received the letter on April 29, 2013, three days after the EEOC mailed it on April 26, 2013. Rosas's complaint did not state when he received the

2

right-to-sue letter; Rosas instead left that portion of the complaint blank. In the absence of contrary evidence or a challenge to that effect, it is presumed that Rosas received the right to sue letter on April 29, 2013, and the time to file his complaint expired 90 days later on July 29, 2013. Rosas's complaint, filed in June 2014, was therefore untimely.

Rosas now argues for the first time that he mailed his complaint to the district court in June 2013. Generally, will not consider a claim raised for the first time on appeal. *See Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994). Even if considered and credited, Rosas's assertion does not change the result. The date of mailing is irrelevant because filing is complete only when papers are delivered into the custody of the clerk. *See* Fed. R. Civ. P. 5(d)(2)(A) ("A paper is filed by delivering it: to the clerk[.]"); *Greenwood v. State of N.Y., Office of Mental Health (OMH)*, 842 F.2d 636, 639 (2d Cir. 1988) (defining filing "as the delivery of papers into the actual custody of the proper officer, designated by statute" (brackets and internal quotation marks omitted)). Rosas's complaint was not filed until June 2014, well after the 90-day limitations period expired. Even crediting his allegation of a prior June 2013 mailing, there is no evidence that the district court received that mailing. And, his June 2014 complaint stated that the case was previously filed in October 2013, which, if true, would have been after the deadline.

Rosas has waived any arguments concerning the denial of equitable tolling. *See JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005) ("[A]rguments not made in an appellant's opening brief are waived even if the appellant pursued those arguments in the district court . . . ."); *LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995) (explaining that a pro se appellant abandons an issue not raised in his appellate brief). Even if Rosas did not waive such arguments, the district court's denial of equitable tolling was not

3

an abuse of discretion. *See Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 81 (2d Cir. 2003) (stating review is for abuse of discretion). "Equitable tolling applies only in the rare and exceptional circumstance." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (brackets and internal quotation marks omitted). In order to receive the benefit of equitable tolling, Rosas needed to show that "extraordinary circumstances" prevented him from timely filing the complaint, *see id.*, and that he acted with "reasonable diligence through the period [he] seeks to have tolled," *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996). Nothing in the record suggests that Rosas acted diligently throughout the relevant time period, or that an extraordinary circumstance prevented him from timely filing the complaint.

We have considered all of Rosas's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4