IN RE: Ronald Edward SCIORTINO, Debtor.

Ronald Edward Sciortino, Plaintiff,

v.

Gwinnett County Department of Water Resources and Gwinnett County, Defendants.

**CASE NO. 14–71765–BEM**
**ADVERSARY PROCEEDING**
**NO. 15–5356–BEM**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Signed September 2, 2016

Filed 09/06/2016

See also 2016 WL 7233867.

Albert F. Nasuti, Michael Brian Pugh, Thompson, O'Brien, Kemp & Nasuti, Norcross, GA, Michael J. Bargar, Arnall Golden Gregory, LLP, Atlanta, GA, for Defendants.

## ORDER OVERRULING OBJECTION AND DENYING MOTION FOR RECONSIDERATION

Barbara Ellis–Monro, U.S. Bankruptcy Court Judge

This matter is before the Court on *pro se* Plaintiff's "Objection To Order Dismissing Niel (sic) C. Gordon, et al. Defendants in March 03, 2016 Oral Rendering of Order; Objection To Order Dismissing Plaintiffs Other Claims as Ordered; Motion for Re Hearing Based Upon the Existing Appearance of Judicial Oversight; New Evidence Showing Disability of Petitioner, New Evidence Showing Petitioner Eligible for Full Protection of Stay in Case No. 14–71765–BEM;" (the "Objection") filed March 21, 2016 [AP Doc. 83] [1] and "Motion for Reconsideration of March 17, 2016 Order; Motion for Reconsideration of March 18, 2016 Judgment" (the "Motion" and with the Objection, the "Pleadings") filed April 4, 2016. [AP Doc. 86].

In the Pleadings, Plaintiff asks the Court to reconsider its oral ruling and the order memorializing the same which dismissed Neil C. Gordon (the "Trustee") from the proceeding, granted the County Defendants' [2] motion to dismiss as to all claims not related to the November Invoice,[3] and dismissed the Individual County Defendants [4] from the proceeding (the "Order"). [AP Doc. 79]. The remaining Defendants are the Gwinnett County Department of Water Resources (the "Water Department") and Gwinnett County (the "County" and with the Water Department, the "Defendants"). Plaintiff also asks the Court to reconsider the judgment accompanying the Order, entered on March 18, 2016 (the "Judgment"). [AP Doc. 80].

In the Pleadings, Plaintiff outlines four bases for reconsideration:

i.) Petitioner does not understand the order. ii.) The Order appears wrong as a matter of fact and according to law. iii.)

---

1. References to documents filed in this adversary proceeding will be designated as AP Doc. ——. References to documents filed in Plaintiff's main bankruptcy case no. 14–71765 will be designated as BK Doc. ——.

2. The Court uses the term County Defendants as defined in AP Doc. 79 at p. 2.

3. The Court uses the term November Invoice as defined in AP Doc. 79 at p. 4–5.

4. The Court uses the term Individual County Defendants as defined in AP Doc. 79 at p.4.

Petitioner hereby objects to portions of the order that dismiss The Gwinnett County Defendants's [sic] as well as Neil C. Gordon on the basis of pending OBJECTIONS filed, as well as Motion for Reconsideration filed, as well as all other pleadings filed, iv.) the dismissal of "other claims" based upon the apparent wrongful application of treating this case as if the automatic stay does not apply after 30 days.

[AP Doc. 86 at p. 2–3; AP Doc. 83 at p. 3]. In the Objection, Plaintiff argues that the Court should reconsider its oral ruling and hold a subsequent hearing on the motions to dismiss. Thus the Court construes the Objection as a motion to alter or amend its oral ruling. Because the oral ruling was memorialized in the Order entered March 18 and the Pleadings largely contain the same arguments, the Court will address both the Objection and the Motion in this order.

## I. Standard for Reconsideration

The oral ruling was made on March 3, 2016 and the Objection filed on March 21, 2016. The Order and Judgment were entered on March 18, 2016[5] and Plaintiff filed the Motion on April 4, 2016. Both Pleadings were filed 18 days after the events Plaintiff seeks to alter or amend. Under Fed. R. Bankr. P. 9023, a motion to alter or amend a judgment must be filed "no later than 14 days after entry of judgment." Plaintiff argues his Objection is timely because it was deposited "with the proper agents" on March 17, 2016 and that the Motion is timely because it was mailed to the Court on April 1, 2016. [Doc. 83 at p. 12 ¶ 34; Doc. 86 at p. 16 ¶ 16]. In so arguing, Plaintiff relies on United States Supreme Court Rule 29.2 and what appears to be Federal Rule of Civil Proce-

dure 5(b)(2)(F). [Doc. 83 at p. 12 n.10; Doc. 86 at p. 16 n.8]

■ Supreme Court Rule 29.2 provides that a "document is timely filed ... if it is sent to the Clerk through the United States Postal service by first-class mail ... and bears a postmark ... showing that the document was mailed on or before the last day for filing ...." Sup. Ct. R. 29.2. However, the Supreme Court Rules do not govern filings in the bankruptcy court. In contrast, Fed. R. Civ. P. 5 ("Rule 5") is applicable in adversary proceedings pursuant to Fed. R. Bankr. P. 7005. Rule 5(d)(2) provides that a paper filed after the complaint that is required to be served "is filed by *delivering it*: (A) to the clerk; or (B) to a judge who agrees to accept it for filing, and who must then note the filing date on the paper and promptly send it to the clerk." Fed. R. Civ. P. 5(d)(2) (emphasis added); *see Cao v. Garner (In re Garner)*, No. 13–44563, AP No. 15–4019, 2015 WL 3825979, *4, 2015 Bankr. LEXIS 1984 (Bankr. N.D. Tex. June 18, 2015); *see also Rosas v. Berry Plastics*, No. 15–2048, 649 Fed.Appx. 3, 2016 WL 2848669, at *1, 2016 U.S. App. LEXIS 8888 (2d Cir. May 16, 2016). The provision of Rule 5 referenced by Plaintiff, 5(b)(2)(F), explains how service may be made—"delivering it by any other means that the person consented to in writing—in which event service is complete when the person making service delivers it to the agency designated to make delivery" rather than explaining how a document is filed with the Court.

■ The Objection and Motion were filed when they were delivered to the Clerk on Monday, March 21, 2016, and Monday, April 4, 2016, respectively. Thus, both were filed more than 14 days after the rulings they address. Because more

---

**5.** The Order was signed on March 17, 2016, but entered on March 18, 2016. The Judgment was signed and entered on March 18, 2016.

than 14 days elapsed, the Pleadings are not timely motions to alter or amend a judgment pursuant to Fed. R. Bankr. P. 9023 and Fed. R. Civ. P. 59. Nevertheless, Plaintiff has two other possible avenues of relief: Fed. R. Civ. P. 60(b), which provides for relief from final judgments in certain circumstances, and Fed. R. Civ. P. 54(b), which allows a court to revise an order in a case involving multiple claims or parties at any time before the order becomes final.

■ Here, the oral ruling was not final since no written order had been docketed. The Order and Judgment were not final because they resolved fewer than all the claims, and the Court did not expressly determine that there was no just reason for delay. Thus, the Order and Judgment are non-final orders which, in appropriate circumstances, could be revised in accordance with Rule 54.

Under Fed. R. Civ. P. 54(b) and Fed. R. Bankr. P. 7054(a):

> When an action presents more than one claim for relief ... or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and *may be revised at any time* before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b) (emphasis added). This Court has previously ruled that a motion under Rule 54(b) is analogous to a motion under Rule 59 in that it applies to

non-final orders, unlike Rule 60(b). [AP Doc. 110 at p. 5].

■ "[E]ven in the case of a non-final order, the Court must balance its duty to render just decisions with the need for finality." *Brogdon ex rel. Cline v. National Healthcare Corp.*, 103 F.Supp.2d 1322, 1338 (N.D.Ga. 2000) (citing *McCoy v. Macon Water Auth.*, 966 F.Supp. 1209, 1222 (S.D. Ga. 1997)). Thus, applying the Rule 59 standards to Rule 54, requires the moving party to show "newly-discovered evidence or manifest errors of law or fact." *Kellogg v. Schreiber (In re Kellog)*, 197 F.3d 1116, 1119 (11th Cir.1999). Such motions cannot be used to relitigate issues already decided, to pad the record for an appeal, to substitute for an appeal, or to raise arguments which were or could have been raised before judgment was issued. *Id.* at 1120; *In re McDaniel*, 217 B.R. 348, 350–51 (Bankr. N.D. Ga. 1998) (Drake, J.); *In re Oak Brook Apartments of Henrico Cnty., Ltd.*, 126 B.R. 535, 536 (Bankr. S.D. Ohio 1991); *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992). Nor should such motions be used "to test whether the Court will change its mind." *Brogdon*, 103 F.Supp.2d at 1338 (citing *McCoy*, 966 F.Supp. at 1223; *Paper Recycling v. Amoco Oil Co.*, 856 F.Supp. 671, 678 (N.D. Ga. 1993)).

■ The standard applied by the Court to analyze Rule 54 is a less stringent standard than required under Rule 60. *Vanderberg v. Donaldson*, 259 F.3d 1321, 1326 (11th Cir. 2001). Consequently, if Plaintiff fails to show he is entitled to relief under Rule 54, relief would likewise be unavailable under Rule 60, were the Order a final order. Thus, the Court will consider whether any of the bases asserted by Plaintiff entitle him to relief from the Order and Judgment[6] under Rule 54(b).

6. Because the Order subsumed the oral rul- ing, while considering the arguments made in

## II. Plaintiff Does Not Understand the Order

■ Plaintiff contends he does not understand the oral ruling and the Order. However, Plaintiff's confusion about or disagreement with the Court's ruling and Order is not a ground for relief under Rule 54(b). Plaintiff has chosen to act *pro se.* The Court endeavors to announce its rulings in a manner accessible to lay persons. If Plaintiff has any questions about the law or the orders of the Court, he is free to consult legal counsel.

In short, the Order dismissed all Defendants except the County and the Water Department and dismissed all claims remaining after the Court's prior ruling in which the majority of Plaintiff's claims were dismissed based on lack of jurisdiction. [Doc. 57]. As stated in the Order, the claims were dismissed because the amended complaint failed to allege facts which taken as true stated a plausible claim for relief because (1) the automatic stay expired 30 days after the petition date such that Defendants were not prevented from collecting unpaid postpetition obligations; and (2) Plaintiff failed to provide Defendants with adequate assurance of payment such that Defendants were entitled to terminate service 20 days after the order for relief. As also stated in the Order, all Defendants other than the County and the Water Department were dismissed because the amended complaint did not allege the Individual County Defendants were involved in issuing the November Invoice. The claims against the Trustee for failure to discharge his duties were dismissed because the Trustee had properly abandoned any claims of the estate and did not have legal authority to pursue any

water bills paid from Plaintiff's postpetition earnings.

## III. The Order Appears Wrong as a Matter of Fact and Law

### A. Legal and Factual Error With Respect to 11 U.S.C. § 362

#### 1. Misapplication of § 362

■ Plaintiff makes several arguments as to why the Court misapplied 11 U.S.C. § 362 to determine that the automatic stay terminated on December 4, 2014. First, Plaintiff argues the Court failed to consider the entire statute. Plaintiff contends that in a second bankruptcy filing pending within a one-year period, the automatic stay only terminates after 30 days if the petition was filed in bad faith. Furthermore, Plaintiff argues, a presumption of bad-faith filing only arises when the debtor has had more than one prior case pending within the one-year period, and because Plaintiff had only one prior pending case, there was no presumption of bad faith such that the stay did not terminate. Thus, Plaintiff concludes that he remains in good faith and is entitled to all protections of the Bankruptcy Code and the fresh start.[7]

■ While legal error may be a basis for relief from an order, Plaintiff has not shown any such error in the Order. In fact, it is Plaintiff's argument that fails to consider the entirety of § 362(c)(3). With respect to the automatic stay in successive bankruptcy cases, § 362(c)(3) provides as follows:

> [I]f a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and *if a single or joint case of the debtor was*

both the Objection and the Motion, the Court limits its application to the Order and Judgment.

7. The "fresh start" policy is embodied in the discharge, not the automatic stay. Plaintiff's discharge and his ability to gain a fresh start are not implicated in this proceeding.

*pending within the preceding 1–year period but was dismissed,* other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)—

(A) *the stay* under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease *shall terminate* with respect to the debtor *on the 30th day after the filing of the later case;*

(B) *on the motion of a party in interest for continuation of the automatic stay* and upon notice and a hearing, *the court may extend the stay* in particular cases as to any or all creditors (subject to such conditions or limitations as the court my then impose) after notice and a hearing completed before the expiration of the 30–day period *only if the party in interest demonstrates that the filing of the later case is in good faith* as to the creditors to be stayed; and

(C) *for purposes of subparagraph (B),* a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)—

(i) as to all creditors, if—

(I) more than 1 previous case under any chapters 7, 11, and 13 in which the individual was a debtor was pending within the preceding 1–year period;

(II) a previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was dismissed within such 1–year period, after the debtor failed to—

(aa) file or amend the petition or other documents as required by this title or the court without substantial

excuse (but mere inadvertence or negligence shall not be a substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney);

(bb) provide adequate protection as ordered by the court; or

(cc) perform the terms of a plan confirmed by the court; or

(III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, or 13 or any other reason to conclude that the later case will be concluded—

(aa) if a case under chapter 7, with a discharge; or

(bb) if a case under chapter 11 or 13, with a confirmed plan that will be fully performed; and

(ii) as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor, if as of the date of dismissal of such case, that action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to actions of such creditor[.]

11 U.S.C. § 362(c)(3) (emphasis added).

 Plaintiff filed a prior bankruptcy case under Chapter 7 on March 31, 2014. [Case No. 14–56502, Doc. 1]. The case was dismissed on June 4, 2014, for failure to appear at the meeting of creditors. [Case No. 14–56502, Doc. 42]. Plaintiff filed the petition in his current case under Chapter 13 on November 3, 2014.[8] [BK Doc. 1]. Thus, pursuant to § 362(c)(3)(A), the automatic stay in Plaintiff's current case expired on the 30th day after the case was filed, which was December 3, 2014.

___

8. The case was converted to Chapter 7 on February 10, 2015.

The statute provides a single means for preventing expiration of the stay:[9] a motion by a party in interest filed and heard before the stay expires that shows the latter case was filed in good faith as to those creditors who will be affected by the stay. No such motion was filed in Plaintiff's current bankruptcy case. Plaintiff argues he was not required to file a motion to extend the stay because no presumption of bad faith arose. In doing so, he cites to § 362(c)(3)(C), which explains how the presumption of bad faith may be rebutted as to all creditors and as to certain specific creditors. Nothing in the language of the statute supports Plaintiff's interpretation. Subparagraph (c)(3)(C) begins with the phrase "for purposes of subparagraph (B)." Subparagraph (B) deals with the filing of a motion to extend the stay. Thus, the language Plaintiff relies on only applies when a motion to extend has been filed.

The stay expires after 30 days unless a motion to extend is filed. If a motion is filed, then the question of good faith is relevant to the decision to extend the stay.

However, the issue of good faith only arises if an interested party timely files a motion to extend the stay. Prior to inclusion in the Objection no such motion, timely or otherwise, had been filed in Plaintiff's bankruptcy case.[10] Therefore, the burden to show the case was filed in good faith never arose. Prior to entry of the Order, the Court was never asked to extend the stay and it did not extend the stay.

■ Second, Plaintiff argues that because NationStar Mortgage, LLC ("NationStar") filed a motion for relief from the automatic stay, the Court held a hearing on the motion for stay relief on June 23, 2015, and the Court rendered an oral ruling lifting the stay, then the stay was in place as of June 23, 2015. Even assuming Plaintiff's chronology is correct,[11] the fact that neither NationStar nor the Court recognized that the automatic stay had terminated by operation of law did not negate that termination. Further, to the extent NationStar's collateral was property of the bankruptcy estate, the stay may still have been in effect under a partial release theory of § 362(c)(3).[12] *See Abernathy, LLC v.*

9. The 30–day stay does not apply when the more recent case is a Chapter 11 or 13 case and the prior case was dismissed pursuant to § 707(b); this exception to the operation of the 30–day stay is inapplicable to Plaintiff. 11 U.S.C. § 362(c)(3).

10. Plaintiff sought in the Objection, to the extent the "stay may have otherwise lifted" to have it retroactively reinstated. [AP Doc. 83 at p. 5]. As discussed herein this does not alter the fact that the stay was not in place after December 3, 2014, it does not provide a basis to sustain the Objection, nor does it provide a basis to extend the stay because the request was not timely filed as required in 11 U.S.C. § 362(c)(3)(B).

11. As detailed in a prior order, NationStar filed a motion for stay relief and an amended motion for stay relief. The original motion was heard May 19, 2015, and the Court directed NationStar to upload an order on the

motion. But no order was ever entered. Instead, NationStar filed an amended motion for stay relief, which was heard on June 23, 2015. The hearing was continued to be heard with the Trustee's notice of abandonment of property because the abandonment, if allowed, would moot the motion for stay relief. NationStar's counsel did not appear at the continued hearing and NationStar's motion for stay relief was subsequently withdrawn. [AP Doc. 107 at p. 6–8].

12. Section 362(a) provides that the stay prohibits various debt enforcement actions against the debtor, property of the debtor, and property of the estate. By contrast, § 362(c)(3)(A) provides that the stay terminates "with respect to the debtor . . . ." This has been interpreted to mean the effect of § 362(c)(3)(A) is that "the automatic stay provided under section 362(a) continues to apply . . . as to actions taken against property of the estate, but not as to actions against the debtor

*Smith*, No. 1:13–cv–3801–rws, 2014 WL 4925654, at *4, 2014 U.S. Dist. LEXIS 137918 (N.D. Ga. Sept. 30, 2014) (adopting a "partial release" interpretation of § 362(c)(3)); *In re Ajaka*, 370 B.R. 426, 429 (Bankr. N.D. Ga. 2007) (Murphy, J.) (same); *In re Milledge*, No. 08–62839, 2008 WL 7866897, at *2, 2008 Bankr. LEXIS 1741 (Bankr. N.D. Ga. Apr. 10, 2008) (Massey, J.) (same); *see also In re Houchins*, No. 14–11928, 2014 WL 7793416, at *3, 2014 Bankr. LEXIS 5269 (Bankr. N.D. Ga. Oct. 29, 2014) (Drake, J.) (noting that because some judges in this district have adopted a partial release approach, "[a] sophisticated and cautious creditor ... would likely seek further relief from the stay before initiating a foreclosure sale" in those cases in which the stay has terminated by operation of § 362(c)(3)).

The alleged stay violations at issue in this adversary proceeding deal with Defendants' attempts to enforce Plaintiff's personal liability on a debt, not attempts to exercise control over estate property. Therefore, under even a partial release interpretation of § 362(c)(3), collection ac-

tions by Defendants taken after December 3, 2014 did not run afoul of the stay because the stay had terminated.[13]

Third, Plaintiff argues that the automatic stay in his prior case may still be in effect because the prior case was dismissed "without notice or hearing and without good cause ...." [AP Doc. 83, at p. 7; 86 at p. 8 n.2.] Plaintiff raises this argument for the first time in the Pleadings and offers no legal support for it. Section 362(c)(2)(B) provides that the stay continues until the case is dismissed. Plaintiff's prior bankruptcy case was dismissed on June 4, 2014 for failure to attend the meeting of creditors on two occasions.[14] Plaintiff did not seek a hearing or reconsideration of the dismissal order or take any other steps to revive the case. The stay in Case No. 14–56502 terminated upon dismissal and remains terminated. Therefore no actions taken by Defendants after June 4, 2014 could have violated the stay that arose in Debtor's prior bankruptcy case.

█ Fourth, Plaintiff argues that the Court erred in citing *British Aviation In-*

---

or property of the debtor that is not property of the estate." 3 Collier on Bankruptcy ¶ 362.06[3][a] (16th ed.).

**13.** Plaintiff's amended complaint did allege that on November 16, 2015, the County sent him a notice of lien against the property at 6038 Eagles Rest Trail. [AP Doc. 29; Ex. AA ¶ 72]. If the property were property of the estate and if the Court adopted a partial release interpretation of § 362(c)(3)(A), then Plaintiff's allegations with respect to the lien notice might state a claim for violation of the stay. However, the Trustee's abandonment of all unliquidated estate property was effective on June 24, 2015 [BK Docs. 87, 115], such that the property was no longer property of the estate and was no longer protected by the stay when the County sent the lien notice. *See* 11 U.S.C. § 362(c)(1) (providing that the stay as to property of the estate only continues so long as the property remains property of the estate). As a result, the Court need not and

does not now decide whether § 362(c)(3) effects a full or partial release of the automatic stay.

**14.** Plaintiff argues that dismissal was without notice or hearing. The docket shows otherwise, as Plaintiff was provided with notice of the initial date for the meeting of creditors and the rescheduled meeting of creditors. [Case No. 14–56502 Docs. 10, 26]. The notice of the rescheduled meeting of creditors was mailed to Plaintiff on May 10, 2014 and provides in part: "[i]n accordance with 11 U.S.C. § 343 of the Bankruptcy Code, debtor must appear at the Meeting of Creditors and submit to examination under oath. If debtor fails to appear at the rescheduled Meeting of Creditors, the case may be dismissed without further notice or hearing, in accordance with General Order No. 2, as entered by this Court on October 5, 2005." [Case No. 14–56502, Docs. 25, 26]. *See also* 11 U.S.C. § 102(1)(B).

surance Company, Ltd. v. Menut (In re State Airlines, Inc.), 873 F.2d 264 (11th Cir. 1989), for the proposition that conversion of a case does not reimpose the automatic stay. Plaintiff contends *State Airlines* is inapplicable because it involved conversion of a Chapter 11 case to Chapter 7. By contrast Plaintiff's bankruptcy case converted from Chapter 13 to Chapter 7. In *State Airlines*, the court interpreted § 362(a), which states that a "petition" which commences a case triggers the automatic stay. *Id.* at 267–68. By contrast, neither § 362(a) nor § 348, which governs the effect of conversion, states that conversion triggers the automatic stay. *Id.* at 268. Furthermore, neither § 362(a) nor § 348—both of which apply to cases under all chapters of the Bankruptcy Code [15]—contain any language to indicate the stay may arise if a case is converted from Chapter 13 rather than Chapter 11. Accordingly, Plaintiff has failed to show the Court erred in relying on *State Airlines*.

### 2. Dismissal of Individual County Defendants

 Plaintiff contends further that, with respect to his claims for violation of the automatic stay, the Court erred in dismissing the Individual County Defendants. Plaintiff argues that his allegation that the Individual County Defendants work in close cooperation with one another was sufficient to state a claim. However, Plaintiff did not allege any facts in his amended complaint [16] or the Pleadings showing the Individual County Defendants were personally involved in any of the acts giving rise to an alleged violation of the stay. Accordingly, Plaintiff has failed to show the Court erred with respect to dismissal of the Individual County Defendants.

### 3. Failure to Consider All Factual Allegations

Plaintiff contends the Court did not consider all his factual allegations and did not give them the presumption of truth. Specifically, Plaintiff points to footnote 6 in the Order in which the Court stated certain factual allegations were not relevant but gave no reason for their lack of relevance. Plaintiff contends there is no evidence that he alleged that he resides at 6038 Eagles Rest Trail as stated in the Order. And, Plaintiff contends the Court failed to consider material facts it should have derived upon sufficient review of its own record.

With respect to the factual allegations referenced in footnote 6 [AP Doc. 79 at p. 4], the Court found them irrelevant to Plaintiff's claims because they relate to (1) actions not protected by the automatic stay, having occurred either prepetition or after termination of the stay on December 3, 2014; (2) actions that do not constitute attempts to enforce or collect a prepetition debt and therefore do not implicate the stay; and (3) descriptions of Plaintiff's actions, which do not implicate the stay.

With respect to the Court stating that Plaintiff alleged he resides at 6038 Eagles Rest Trail [AP Doc. 79, at p. 4], paragraph

---

**15.** 11 U.S.C. § 103(a).

**16.** Plaintiff argues that "[t]he original complaint was amended, not omitted or stricken, therefore to the extent claims made, facts stated, [or] authorities quoted contain facts this court may rely upon, they still are valid claims...." [AP Doc. 86, at p. 15]. The Court makes no determination whether the original complaint alleged additional facts, claims, or authorities, but does determine that this assertion does not provide a basis to revise the Order because an amended complaint supersedes an original complaint. *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 601 (5th Cir. 1981)).

6 of the amended complaint states: "Ronald Edward Sciortino is a living man, nonresident national, private American citizen *in peaceful possession as a homesteader of the house and the property it is on*, identified as district 7 land lot 345 parcel 100 (7345 100) also *known as, 6038 Eagles Rest Trail*, Sugar Hill, Georgia." [AP Doc. 29 ¶ 6] (emphasis added). The Court is satisfied this statement alleges Plaintiff resides at the Eagles Rest address.

■ With respect to other material facts in the Court's record, Plaintiff does not identify these facts or how they are relevant to his claims. The Court is entitled to the assistance of the parties in determining the relevant facts and is "not required to paw through a mass of documents to determine if the litigant has supported his claim." *Savage & Assoc., P.C. v. Mandl (In re Teligent, Inc).*, 380 B.R. 324, 341 (Bankr. S.D.N.Y. 2008) (citations omitted); *see also U.S. v. Horras (In re Horras)*, 443 B.R. 159, 167 (8th Cir. BAP 2011) ("[W]e have no inclination or obligation to scour the record for facts which might support the Debtor's challenge to the bankruptcy court's order."). The Court reviewed, at length, the complaint, the amended complaint and pleadings in response to the motions to dismiss. Plaintiff's sweeping reference to unspecified factual allegations in unspecified portions of the record is not sufficient to show the Court made a mistake of fact or law.

For the foregoing reasons, Plaintiff has failed to show the Court did not consider all relevant facts or erred in reporting those facts alleged by Plaintiff. Plaintiff has further failed to show any mistake of law that would have changed the outcome of the Order and Judgment. Accordingly, Plaintiff has failed to show that he is entitled to relief from the Order and Judgment due to mistake of fact or law with respect to § 362 and has not set forth a basis under Rule 54 for the Court to revise the Order and Judgment.

## B. Legal and Factual Error With Respect to 11 U.S.C. § 366

■ Section 366 of the Bankruptcy Code applies to utility services and provides in relevant part as follows:

(b) Such utility may alter, refuse, or discontinue service if neither the trustee nor the debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment, in the form of a deposit or other security, for service after such date. . . .

(c)(1)(A) For purposes of this subsection, the term "assurance of payment" means—

(i) a cash deposit;

(ii) a letter of credit;

(iii) a certificate of deposit;

(iv) a surety bond;

(v) a prepayment of utility consumption; or

(vi) another form of security that is mutually agreed on between the utility and the debtor or the trustee.

11 U.S.C. § 366(b), (c). Thus, in the absence of adequate assurance of payment, Defendants may terminate water service 20 days after the order for relief, that is, 20 days after the petition date.[17] *See* 11 U.S.C. §§ 301(b), 348(a).

■ Plaintiff contends he provided Defendants with adequate assurance of pay-

---

17. Plaintiff contends the Order ruled that "the automatic stay was in place only from 'November 03, 2014 to November 23, 2014.'" [AP Doc. 86 ¶ 11]. This mischaracterizes the Court's ruling. The Court ruled that § 366(a) prohibited termination of water service for 20 days after the petition date, a period during which the automatic stay was in place. [AP Doc. 79, at p. 14]. When the 20–day period expired, the existence of the automatic stay did not prevent discontinuation of water service.

ment. He cites to his schedules as showing sufficient equity for Defendants, which has not been rebutted, and he cites to 31 U.S.C. § 9301 and 31 CFR Parts 203, 225, and 380.[18] Plaintiff also contends that payments have been effected to all utilities under the applicable rules. However, Plaintiff cites to no factual allegations in his pleadings from which the Court can reasonably infer that he provided assurance of payment by one of the means set forth in § 366(c)(1)(A).

Plaintiff claims for the first time in the Motion that his schedules show equity exists in each utility, that the bankruptcy estate contains sufficient equity to assure Defendants of payment, and that his schedules show cross claims for previous amounts paid. Assuming the equity and the cross claims referenced by Plaintiff exist, even though the Trustee filed a report of no distribution, Plaintiff offers no legal authority for the proposition that equity and cross claims fall within the definition of adequate assurance of payment as set forth in § 366(c)(1)(A). Furthermore, while Plaintiff has shown some payments made to Defendants, he has failed to allege facts showing he paid all postpetition obligations. Accordingly, Plaintiff has failed to show any error of fact or law with respect to the Court's analysis under § 366.

Plaintiff also argues that his motion of December 23, 2014 acted as an estoppel to Defendants. The only motion filed on that date in the main bankruptcy case was Plaintiff's Emergency Motion for Approval to Use Cash Collateral Pursuant to 11 U.S.C. § 363 and Motion for Entry of an Order Approving Surety Bond (the "Cash Collateral Motion"). [BK Doc. 35]. The Cash Collateral Motion was denied. [BK Doc. 63]. Previous to the Cash Collateral Motion, on December 16, 2014, Plaintiff filed a Motion Pursuant to Bankruptcy Code §§ 366 and 105(a) for Order Deeming Utility Companies Adequately Assured of Future Performance and Establishing Procedure for Determining Requests for Additional Adequate Assurances (the "Adequate Assurance Motion" and with the Cash Collateral Motion, the "2014 Motions") [BK Doc. 32], which was also denied. [BK Doc. 63]. Assuming Debtor contends the pendency of the 2014 Motions estopped Defendants from terminating water service on the 20th day after the petition date, Debtor's argument is unavailing. His amended complaint alleges Defendants terminated his service on March 4, 2015, restored service on March 11, 2015, and terminated service again on August 12, 2015. [AP Doc. 29 ¶¶ 38, 40; Ex. AA ¶¶ 13–15, 23, 59]. The order denying the 2014 Motions was entered on January 29, 2015, well before the disconnection of water service during the pendency of Debtor's current bankruptcy case. Once the 2014 Motions were denied, they could not serve as a basis to claim Defendants would be estopped from acting in accordance with § 366.[19]

## IV. Objection to Dismissal of the County Defendants and of Neil Gordon Based on Pleadings Filed

Plaintiff contends the Trustee should not have been dismissed as a defendant based

---

18. Title 31 of the United States Code governs the United States' system of money and finance. Section 9301(2) defines an eligible obligation for purposes of chapter 93 of Title 31 as "any security designated as acceptable in lieu of a surety bond by the Secretary of the Treasury." It has no relevance to the definition of adequate assurance of payment under 11 U.S.C. § 366.

19. The Court does not decide whether a pending, unresolved motion to deem a utility adequately assured of payment would prevent a utility from terminating service 20 days after the petition date.

on pleadings filed, including the Objection, a motion to reconsider, and other pleadings.[20] Plaintiff also argues that dismissal of the Trustee was improper because the Order relied on the abandonment order, which Plaintiff believes is void, and because the Order wrongly assumed that amounts paid by Plaintiff to Defendants were paid out of postpetition wages.

With respect to the Objection, it was filed on March 21, 2016, which was three days after the Order was entered on March 18, 2016. That Plaintiff claims to have mailed the Objection on March 17, 2016 *supra* Part I, does not alter the fact that the Objection was not yet available to the Court at the time it entered the Order. There was no reason for the Court to delay entering a written Order on its oral ruling based on a pleading that was not required by the Court and not yet filed by Plaintiff.

Turing to Plaintiff's other arguments, the Trustee filed his motion to dismiss and supporting brief on January 19, 2016. [AP Doc. 43]. Plaintiff filed responses opposing the motion on February 2, 2016, February 5, 2016, and February 19, 2016. [AP Docs. 51, 55, 67]. The Court held a hearing on the Trustee's motion to dismiss, among other things, on March 3, 2016, and made its oral ruling, which was followed by the Order and Judgment on March 18, 2016. While the Trustee's motion to dismiss was pending, on February 12, 2016, the Court entered an order disposing of various claims against other defendants for lack of jurisdiction (the "Jurisdiction Order"). [AP Doc. 57]. Plaintiff filed a motion to reconsider the Jurisdiction Order on March 2, 2016 [AP Doc. 73], which was denied on

July 12, 2016. [AP Doc. 110]. Thus, Plaintiff's motion to reconsider the Jurisdiction Order was pending when the Court granted the Trustee's motion to dismiss.

The Jurisdiction Order did not dismiss any claims against the Trustee. However, it did determine that Plaintiff's claim to recover $360.74 paid to Defendants on March 11, 2015 was outside the Court's jurisdiction having arisen post-petition. [AP Doc. 57, at p. 11]. When the Court subsequently dismissed the claims against the Trustee, the Order stated that Plaintiff failed to state a claim against the Trustee for failure to fully discharge his duties "for the reasons set forth in the Jurisdiction Order ... and because the Court previously determined that the Trustee's abandonment of all claims was appropriate." [AP Doc. 79, at p. 16]. This suggests that dismissal of the claims against the Trustee is based on the Jurisdiction Order. However, independent of the Jurisdiction Order, the Court concluded funds used to make the March 11 payment were not property of the estate subject to recovery by the Trustee because Debtor's schedules showed a lack of sufficient funds at the time of filing to make the payment. [Id.]. Therefore, even if the Court had granted Plaintiff's motion to reconsider the Jurisdiction Order with respect to the March 11 payment, dismissal of the claims against the Trustee would still be appropriate.

Plaintiff argues the Court improperly assumed the March 11 payment was made with postpetition funds. The Court did not so assume. It made a reasonable inference based on the allegations in the amended

---

**20.** The Court notes that several of the arguments Plaintiff makes with respect to dismissal of the Trustee have previously been made, and indeed, Plaintiff seeks to incorporate prior pleadings into the Pleadings. [AP Doc. 83 at p.7, 10–11]. As discussed previously, Plaintiff's attempt to "to test whether the Court will change its mind," is inconsistent relief under Rules 54, 59, and 60. *Brogdon,* 103 F.Supp.2d at 1338.

complaint and based on taking judicial notice of Plaintiff's bankruptcy schedules. Plaintiff alleged he made the payment postpetition, but his schedules showed he had insufficient funds to make the payment as of the petition date. Plaintiff made no allegations regarding the source of the funds used to make the payment. Even now, his Motion merely claims to rebut the Court's inference, but offers no facts regarding the source of the funds. Plaintiff's bald denial that he paid Defendants with postpetition funds is not sufficient to show legal or factual error in the absence of any allegation of fact regarding the source of the funds.

Plaintiff argues further that the Court's reliance on the order approving the Trustee's abandonment of estate property was in error. Again, Plaintiff cites no legal authority for this proposition, but instead points to the fact that the notice of proposed abandonment did not mention property of the bankruptcy estate, while the order approving the abandonment did. On April 28, 2015, the Trustee filed a Notice of Proposed Abandonment or Distribution of Property, in which he proposed to abandon to Plaintiff "any and all scheduled real and personal *property of the debtor* that remains unliquidated[.]" [BK Doc. 87] (emphasis added). Plaintiff filed an objection to the proposed abandonment. [BK Doc. 98]. The Court held a hearing on the proposed abandonment on June 24, 2015, and entered an order overruling Plaintiff's objection, approving the abandonment of *"property of the estate,"* and making the abandonment effective upon entry of the order. [BK Doc. 115] (emphasis added). The inconsistency in the language between the notice of proposed abandonment and

the order approving the abandonment does not constitute legal error. The Trustee proposed to abandon to Plaintiff all property scheduled by Plaintiff that had not been liquidated. Such property was, by definition, property of the estate. 11 U.S.C. § 541(a).

Relatedly, Plaintiff argues that the Trustee had a nondiscretionary duty to pursue other claims that he insists the Court must consider as fact based on affidavits filed in his main bankruptcy case. However, a trustee is not required to pursue any and all claims alleged by a debtor. The Code authorizes the trustee to "abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). Here, as set forth above, the Trustee filed a notice proposing to abandon all unliquidated property, Plaintiff filed an objection, the notice and objection were heard by the Court, the abandonment was approved, and the estate was "completely divested of any interest in the abandoned property." *Old West Annuity and Life Ins. Co. v. Apollo Grp.*, 605 F.3d 856, 863 (11th Cir. 2010). The Trustee has no duty to pursue claims that are no longer property of the estate.[21] *See* 11 U.S.C. § 704(a)(1). Plaintiff did not appeal the abandonment order and has not set forth his reasons for believing the order is void. Therefore, Plaintiff has failed to show the Court erred in relying on the abandonment order in granting the Trustee's motion to dismiss.

With respect to dismissal of the Individual County Defendants, Plaintiff contends that "based upon the facts as well as the law presented" in the Motion "as well as in

---

21. The claims, having been abandoned to Plaintiff, may be pursued by Plaintiff in the appropriate nonbankruptcy forum if he believes they have value.

the ENTIRE [sic] in this as well as cases having nexus to Case No. 71765–BEM [sic] showing records containing material facts" the dismissal should be reconsidered. [AP Doc. 86 ¶ 12]. As noted in Part III.A.2., *supra*, Plaintiff has failed to allege any facts showing involvement by the Individual County Defendants in actions that could constitute a violation of the stay. Once again, Plaintiff's nonspecific, sweeping reference to the record in its entirety does not serve to show legal or factual error.

## V. Objection to Dismissal of "Other Claims" Due to Wrongful Application of the 30–Day Stay

Plaintiff does not identify the "other claims" he believes were wrongly dismissed. The Court has already explained why it finds no error with its application of the 30–day stay. To the extent Plaintiff is referring to claims dismissed in the Jurisdiction Order, that order has already been the subject of a motion to reconsider by Plaintiff, which was denied, [AP Docs. 73, 110] and will not be revisited here.

## VI. Conclusion

For the foregoing reasons, Plaintiff has failed to show any legal or factual error or any exceptional circumstances that would justify relief under either Rule 54 or 60. Accordingly, it is ORDERED that the Objection is OVERRULED and the Motion is DENIED.

**IT IS ORDERED.**